■ PETER MARCY, INC., Appellant, v LOUIS PERLMAN, Respondent. — Judgment of Supreme Court, New York County (Schwartz, J.), entered June 28, 1982 after nonjury trial, reinstating a notice for plaintiff tenant to cure an illegal use of the premises under the lease by June 30, 1982, unanimously modified, on the law and the facts, to extend plaintiff's time to comply with the notice to cure three months from the date of this court's order, and otherwise affirmed, without costs. Plaintiff rented the third and fourth floors of the building in question from defendant under a lease which limited use to "professional use — commodity consultant." The building, located at 9 East 62nd Street in Manhattan, is in an area zoned residential. Some professional offices are consistent with a "home occupation", a permissible accessory use of space under the zoning resolution, in a residential neighborhood. Such a home occupation must, however, meet three criteria in order to be a permissible accessory use. The accessorial use must be identical or secondary to the residential use of the unit; the occupation or professional practice must be carried on by those residing within the unit, with the assistance of no more than one nonresident employee; and the occupational or professional purpose must not take up more than 25% of the unit's floor space. Plaintiff's use of these premises does not meet these criteria. Evidence at trial revealed that plaintiff was using the entire third floor for commercial use, as a thriving stock brokerage, complete with office furniture and equipment such as copiers, calculators, typewriters, 15 telephones, a news wire service, ticker tape machine, and five telex instruments, all manned and operated by at least six nonresident employees. In short, no part of this floor was used for residential or permissible accessory purposes, and plaintiff concedes as much. The fourth floor was used for conferences supplemental to the business conducted on the third floor. Plaintiff's president, who at one time occupied part of the third floor as a residence, moved some of the residential effects of that former dwelling up to the fourth floor, but at the same time he also continued to rent the fifth floor under a separate lease, as a formal residence for himself and his family. It is plain and is indeed conceded that the use of the third floor under the lease in question is in violation of the zoning resolution. Defendant at first refused to offer plaintiff a renewal of the lease, and then served a notice to cure the defects after defendant had been served with a notice of violation by the Department of Housing Preservation and Development. Instead of making any efforts to comply with the notice to cure, plaintiff brought this action to enjoin termination of the lease, on the theory that while use may have been inconsistent with the zoning resolution, it was not inconsistent with the terms of the lease, and thus the remedy would be for defendant, who allegedly had condoned such a nonconforming use, to apply to amend the certificate of occupancy and ultimately seek a zoning variance. Plaintiff's allegations that the terms of the lease, or at least the intention of the parties, condoned an illegal use of the premises in violation of the zoning resolution, are unfounded. The terms of the lease do not support this reading. Indeed, the terms are so clear that no further discovery is required to determine the intention of the parties to the lease. Paragraph 2 of the lease restricts utilization of the demised premises to "professional use — commodity consultant". As we have noted above, it is conceded that plaintiff's professional use of the premises does not fit the definition of a permissible accessory use. Paragraph 7 of the lease provides that plaintiff's use must conform to all laws, orders and regulations — which it clearly does not. In a rider (paragraph 45), the parties agreed that plaintiff would "not be required to incur any expense·pursuant to said Paragraph 7

unless the cause for such expense arises out of Tenant's use of the premises in violation of the permitted use as set forth in Paragraph 2 of this lease." This provision cannot be read as requiring defendant landlord to incur the requisite expenses. Since the use by the tenant violates the zoning resolution, the provision imposes the obligation on plaintiff to incur the requisite expense to seek an amendment to the certificate of occupancy and a zoning variance, or to cure the violation by conforming to the permitted use. The lease does not permit what the zoning resolution prohibits. Nor is there any evidence in the record of conduct on defendant's part which might be inferred as condoning plaintiff's nonconforming use. Defendant was within his rights to require a cure of the nonconforming use. He did not obligate himself to seek an amendment to the certificate of occupancy and a zoning variance. Concur — Kupferman, J. P., Sandler, Carro, Asch and Fein, JJ.