■ CITY OF WHITE PLAINS, Respondent, v DORIS L. SASSOWER et al., Appellants. — In an action to permanently enjoin defendants from using certain premises in violation of the zoning ordinance of the City of White Plains, defendants appeal from a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated August 13, 1982, which, after a nonjury trial, *inter alia,* granted the injunction sought. Judgment affirmed, with costs. The land and building described as 283 Soundview Avenue, White Plains, is situated in an R1-12.5 zone (residential) as defined by the zoning ordinance of the City of White Plains. Defendant Doris Sassower is an attorney admitted to practice before the courts of the State of New York and occupies the premises as her residence, where she also maintains her law practice. Section 5.4.2 of the zoning ordinance provides in pertinent part: *"Home occupations:* One office of a 'professional person' * * * may be established in a 'dwelling unit' as permitted in Sections 5.1 and 5.2 of this Ordinance, subject, in residential districts, to the following: * * * 5.4.2.4 * * * In the office of a 'professional person', no more than one non-resident partner, associate or employee shall be permitted to work on the premises". As limited by the terms of the complaint and the proof offered in support at the trial, it is the city's contention that defendant Barton Eaton is an associate or employee of Sassower and that in view of the presence of other persons on the premises involved in the conduct of the practice of law by Sassower, such use is in violation of the ordinance. On the other hand, defendants maintain that Eaton, as well as one Murial Goldberg who does secretarial work for Sassower, are independent contractors and, therefore, their presence on the premises cannot be deemed a violation of the ordinance. The evidence adduced at trial demonstrated that Eaton is an attorney duly admitted to practice before the courts of the State of New York, that he is the personal attorney for Sassower and at her direction and request also performs legal work on behalf of her clients, that he earned approximately $27,000 from her in 1981, and that although he allegedly maintains an office in his apartment in Larchmont, he was on the subject premises 5 days in September, 1981, 15 days in October, 1981, 11 days in November, 1981, 11 days in December, 1981, and 6 days in January, 1982. The evidence further demonstrated that the motor vehicle used by Goldberg was on the premises on the same days that Eaton was present. In enforcement proceedings where a municipality seeks to enjoin a claimed violation of an ordinance, words will be construed in accordance with the context of that ordinance, the purpose and spirit of it, the surrounding circumstances and, above all, the intention of the lawmakers (see McKinney's Cons Laws of NY, Book 1, Statutes, § 235). A reading of sections 1.3 and 1.7 of the zoning ordinance demonstrates a clear intent on the part of the lawmakers to restrict the location of certain trades and businesses and to prescribe for each zone the trades which will be subject to regulation. Defendants' attempt to evade the plain meaning of the term "partner, associate or employee" as used in the zoning ordinance by the pretext of calling Eaton an independent contractor cannot be tolerated. Accordingly,

this court finds that there is a sufficient basis in the record for the trial court's conclusion that the defendants are using the subject premises in violation of the terms of the ordinance and that they were correctly enjoined from so using the premises. We have considered defendants' other contentions raised on appeal and have found them to be without merit. Mollen, P. J., Thompson, Rubin and Boyers, JJ., concur.