■ NORTH BAY ASSOCIATES et al., Appellants, v JUDITH HOPE et al., Respondents.—In an action, *inter alia,* to declare invalid two local laws adopted by the Town Board of the Town of East Hampton, plaintiffs appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated October 9, 1984, as (a) denied plaintiffs' motion for summary judgment and (b) granted defendants' cross motion for summary judgment and declared that plaintiffs were not entitled to a declaratory judgment declaring said local laws to be invalid, and (2) from a judgment of the same court, entered December 3, 1984, thereon.

Appeal from the order dismissed, without costs or disbursements *(see, Matter of Aho,* 39 NY2d 241, 248).

Appeal from so much of the judgment as deals with Local Laws, 1984, No. 1 of Town of East Hampton dismissed, as academic, without costs or disbursements.

On the appeal from the remaining part of the judgment, judgment modified, on the law, by adding a provision thereto declaring Local Laws, 1984, No. 3 of Town of East Hampton valid. As so modified, judgment affirmed, insofar as reviewed, without costs or disbursements.

One of the local laws challenged by plaintiffs as invalid, i.e., Local Laws, 1984, No. 1, adopted by the Town Board of the Town of East Hampton on January 13, 1984, provides that for a period of 180 days from the effective date thereof, the Planning Board of the town cannot "grant approval to any application made to it for the subdivision * * * of any property of twenty-five (25) acres or more located in any single family residential district in the Town of East Hampton". This moratorium was enacted in order to permit the "effective and orderly completion and implementation of a revised Town Master Plan". Plaintiffs allege, *inter alia,* that this moratorium was ultra vires as an improper exercise of the Town Board's police power.

In rejecting plaintiffs' challenge to Local Laws, 1984, No. 1, Special Term held, in its order dated October 9, 1984, that (1) "the 180 day moratorium expired by its own terms on or about July 11, 1984" and (2) since the impact of the moratorium has been negated, there no longer existed any "justifiable *[sic]* controversy".

Contrary to Special Term's finding, it appears that the

moratorium contained in Local Laws, 1984, No. 1 was extended on two separate occasions, the last extension being for a 45-day period commencing November 2, 1984. At the end of that last extension, the Town Board of East Hampton, by Local Laws, 1984, No. 23, enacted a comprehensive revision of the zoning chapter of the Code of the Town of East Hampton. However, it is clear that the moratorium contained in Local Laws, 1984, No. 1 expired no later than mid-December 1984, approximately three months before plaintiffs perfected their appeal. Accordingly, so much of the appeal as concerns the moratorium contained in Local Laws, 1984, No. 1 must be dismissed as academic (see, Dune Assoc. v Town Bd., 91 AD2d 968).

Local Laws, 1984, No. 3, the second law challenged by plaintiffs, provides in pertinent part that the Town Board of the Town of East Hampton may adopt any "land use regulation, restriction or zoning district classification or boundary" by local law and by "a favorable vote of a simple majority of the entire Town Board", notwithstanding the filing of any appropriate protest. Plaintiffs argue that Local Laws, 1984, No. 3 is invalid, insofar as it allows a simple majority vote of the Town Board to effect these zoning changes, since it conflicts with Town Law § 265 which requires, under similar circumstances, a "favorable vote of at least three-fourths of the members of the town board". We disagree with plaintiffs' argument.

Insofar as is pertinent herein, Municipal Home Rule Law § 10, as amended in 1976 (see, L 1976, ch 365), granted the following powers to towns:

"1. In addition to powers granted in the constitution, the statute of local governments or in any other law * * *

"(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government * * *

"a. A county, city, town or village * * *

"(14) The powers granted to it in the statute of local governments * * *

"d. A town * * *

"(3) The amendment or supersession in its application to it, of any provision of the town law relating to * * * matters in relation to which and to the extent to which it is authorized to

adopt local laws by this section, notwithstanding that such provision is a general law".

In 1982, this court was confronted with a challenge to Local Laws, 1979, No. 9, enacted by the Town Board of the Town of Babylon. That local law, which was enacted in response to the problem of unauthorized conversions of one-family homes for two-family use, provided, *inter alia,* for a Two Family Review Board to conduct public hearings and determine special permit applications by those who owned illegally converted two-family houses or intended such a conversion. The local law was challenged as invalid in that it delegated powers to the Two Family Review Board instead of to the Zoning Board of Appeals, in contravention of Town Law § 267, and because it was not enacted in accordance with a comprehensive plan, in contravention of Town Law § 263. In rejecting these challenges, based on the aforenoted amendment to the Municipal Home Rule Law, Justice Lazer, speaking for this court, stated *(Matter of Sherman v Frazier,* 84 AD2d 401, 409-411):

"[T]he Town Law may be amended or superseded 'to the extent to which [the town board] is authorized to adopt local laws by this section' (Municipal Home Rule Law, § 10, subd 1, par [ii], cl d, subcl [3]). As we have seen, section 10 (subd 1, par [ii], cl a, subcl [14]) of the Municipal Home Rule Law authorizes a town to adopt local laws to exercise '[t]he powers granted to it in the statute of local governments.' The Statute of Local Governments, in turn, gives towns the power to 'adopt, amend and repeal zoning regulations' (see § 10, subd 6). It follows, then, that a town board is enabled to adopt zoning regulations by virtue of its Municipal Home Rule Law powers as well as those granted by the Town Law (see *Yoga Soc. of N.Y. v Incorporated Town of Monroe,* 56 AD2d 842; *Town of Clifton Park v C. P. Enterprises,* 45 AD2d 96; see, also, 1976 Opns Atty Gen [Inf Opns] 127; 1 Anderson, New York Zoning Law and Practice, § 4.03).

"The legislative intent to permit towns to supersede Town Law sections relating to zoning is illustrated by a recent amendment to subdivision 1 of section 267 of the Town Law, which altered that statute by authorizing town boards, which had previously increased the number of board of appeals members to seven, to reduce their number to five. Section 2 of the amendatory legislation (see L 1981, ch 92) provides that the amendment to section 267 of the Town Law thus enacted 'shall not be deemed or construed to affect the authority of a town board to amend section two hundred sixty-seven of the town law pursuant to authority conferred in section ten of the

municipal home rule law.' Since the Legislature has thus told us that the number of board of appeals members can be reduced by a local law which supersedes or amends section 267 of the Town Law, it is manifest that the zoning article of the Town Law can be superseded by local law * * *

"In any event, if there is an inconsistency between Local Law No. 9 and section 267 of the Town Law, it is immaterial because the Town Law has been superseded. Therefore, the delegation to the Two-Family Review Board is a valid one * * *

"Nevertheless, petitioners' allegation that the local law does not accord with Babylon's comprehensive plan is baseless * * * because the town board's exercise of the supersession power overrides the mandate of section 263".

Since Local Laws, 1984, No. 3, enacted by the Town Board of the Town of East Hampton, supersedes the Town Law in a matter "relating to zoning", plaintiffs' challenge to its validity must fall *(see, Matter of Sherman v Frazier, supra)*. The case of *Matter of Marcus v Baron* (57 NY2d 862, *revg* 84 AD2d 118 *on dissenting opn of former Justice Hopkins at App Div)*, relied on by plaintiffs, is inapposite to the facts at bar. In that case, the Town of Ramapo passed a local law which required not only that any proposed incorporation of a village within its borders comply with the provisions of Village Law § 3-302, which "pertain to village officers and elections", but also required that "the proposed incorporation be in the over-all public interest of the territory proposed to be incorporated, the remaining area of the town, and any school or fire district, etc., situated wholly or partly within the territory to be incorporated" *(Matter of Marcus v Baron,* 84 AD2d 118, 119, *supra)*. This local law was held to be invalid on the ground, *inter alia,* that there was "nothing either in the Constitution or in [the Municipal Home Rule Law] which expressly [gave] the power to a town to adopt a local law which adds to the conditions enacted by the Legislature for the creation of a village" *(Matter of Marcus v Baron,* 84 AD2d 118, 135, *supra* [Hopkins, J., dissenting]).

Accordingly, Special Term was correct in holding that Local Laws, 1984, No. 3, enacted by the Town Board of the Town of East Hampton, was valid. We modify the judgment to add a declaration to that effect *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.