■ In the Matter of TORSOE BROTHERS CONSTRUCTION CORP., Appellant, v ARCHITECTURE AND COMMUNITY APPEARANCE BOARD OF REVIEW FOR THE TOWN OF ORANGETOWN, Respondent.—In a proceeding pursuant to CPLR article 78 (1) to annul a determination of the respondent Architecture and

Community Appearance Board of Review for the Town of Orangetown, dated October 4, 1984, which, after a hearing, *inter alia,* denied the petitioner's application for a building permit, and (2) to declare invalid chapter 2 of the Town Code of the Town of Orangetown, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Rockland County (Palella, J.), entered March 8, 1985, as dismissed the petition upon the ground that said local law was constitutional.

Judgment affirmed insofar as appealed from, with costs.

Although a CPLR article 78 proceeding is not the proper vehicle to challenge the constitutionality of legislative enactments, we will treat the portion of the petition which seeks a declaration that chapter 2 of the Town Code of the Town of Orangetown is unconstitutional, as a declaratory judgment action and thereby dispose of the proceeding on the merits *(see, Press v County of Monroe,* 50 NY2d 695, 702-703).

The challenged local law, chapter 2 of the Town Code of the Town of Orangetown (Local Laws, 1965, No. 2, of Town of Orangetown), delegates to the respondent Architecture and Community Appearance Board of Review (hereinafter ACA-BOR) powers which Town Law § 274-a authorizes the town board to vest, by either zoning ordinance or local law, in the planning board. Under the 1976 amendment to Municipal Home Rule Law § 10 (L 1976, ch 365), the conflict between the challenged law and the Town Law does not render the local law invalid, as it is well settled that this amendment permits the town board to enact local laws superseding the Town Law on matters related to zoning *(see, Matter of Sherman v Frazier,* 84 AD2d 401; *North Bay Assoc. v Hope,* 116 AD2d 704).

The petitioner's further contention, that Local Law No. 2 is invalid because it fails to provide meaningful standards to guide ACABOR in the exercise of its discretion, is without merit. As legislative acts, local laws pertaining to zoning matters are invested with a strong presumption of constitutionality *(see, Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,* 51 NY2d 338, 344, *cert denied* 450 US 1042), and the standards provided in §§ 2-1 and 2-5 of the challenged law, though stated in general terms, "are capable of reasonable application and are sufficient to limit and define the board's discretionary powers" *(Matter of Aloe v Dassler,* 278 App Div 975, *affd* 303 NY 878). Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.