Anthony B. Tohill, Esq. Village Attorney, North Haven
You have asked whether a village board of trustees may adopt a local law expanding the membership of the zoning board of appeals, the planning board and the architectural review board by adding the positions of alternate member to each of the boards. You have explained that your village is a small community with a substantial number of residents who spend the winter in Florida and other distant places and that the proposed local law is designed to ensure full panels from these boards at all times.
Section 7-712(1) of the Village Law authorizes the board of trustees to establish a board of zoning appeals consisting of three or five members and sets forth the procedures for these appointments. Section 7-718 authorizes the establishment of a planning board consisting of five members. Neither of these two sections authorizes the appointment of alternate members. It appears that the architectural review board was established by local law. You have cited opinions of this office concluding that a village by local law may authorize the appointment of ad hoc members to the village zoning board of appeals and planning board to serve in the event of absences or conflicts of interest precluding the obtaining of a quorum as required by law (Informal Opinion No. 86-20; 1984 Op Atty Gen [Inf] 150). In our view, the reasoning of these opinions applies with equal force to your proposal to add alternate member positions to the composition of the three boards in question. In a recent opinion, we restated the authority to enact local laws inconsistent with general State laws codified in the Village and Town Laws.
 "A village is authorized by local law to amend or supersede any provision of the Village Law relating to its property, affairs or government, or other subjects in which it has local law powers, notwithstanding that such provision is a general law, unless the Legislature expressly has prohibited the adoption of the proposed local law (Municipal Home Rule Law, § 10[1][ii][e][3]). Courts have ruled that this provision authorizes a village to supersede or amend a `general' State law consolidated in the Village Law (Rozler v Franzer, 61 A.D.2d 46 [4th Dept, 1978], affd on App. Div. opn 46 N.Y.2d 760 [1978]). Since Rozler,
courts have specifically held that a parallel provision of the Municipal Home Rule Law authorizes towns to adopt local zoning laws amending or superseding a general State law pertaining to zoning (North Bay Associates v Hope, 116 A.D.2d 704 [2d Dept, 1986], lv den 68 N.Y.2d 603 [1986]; Matter of Sherman v Frazier, 84 A.D.2d 401 [2d Dept. 1982]). Other cases have also explicitly rejected the argument that a local law inconsistent with a provision of the State Town Law is invalid (Rich v Town of Queensbury, 88 A.D.2d 1027 [3d Dept, 1982]; Canzano v Town of Gates, 85 A.D.2d 878, 879 [4th Dept, 1981]; Klimek v Town of Ghent, 71 A.D.2d 359, 361 [3d Dept, 1979])." (Informal Opinion No. 87-22.)
Since villages and towns are covered by substantially similar provisions, it follows that villages by local law may amend or supersede zoning provisions of the Village Law. The proposed local law is within the grant of power to villages to adopt zoning regulations and to establish and structure local positions and departments (Municipal Home Rule Law, § 10[1][ii][a][1], [12], [14]). Thus, a village may expand the membership of its zoning board of appeals, planning board and architectural review board to include alternate members, who would serve in the event a regular member of the board is absent or unable to participate. The board of trustees should establish explicit regulations defining the conditions under which alternate members will serve and to ensure due process of law.
You have also asked whether the proposed local law would be subject to referendum under section 23(2)(f) of the Municipal Home Rule Law. Under that provision, a local law abolishing, transferring or curtailing any power of an elective officer is subject to mandatory referendum. In our view, a referendum is not required under this provision. The local law you have described would establish the positions of alternate member on these three boards. These members would serve only in the event that regular members of the boards are absent or unable to serve as defined in the law. We see no basis for a referendum under section 23(2)(f) of the Municipal Home Rule Law.
We conclude that a village by local law may expand the membership of its zoning board of appeals, planning board and architectural review board by adding the positions of alternate member to these three boards. These alternates would serve in the event that regular members are absent or otherwise unable to serve. Such a local law is not subject to referendum under section 23(2)(f) of the Municipal Home Rule Law.