■ WEINSTEIN ENTERPRISES, INC., Appellant, v TOWN OF KENT et al., Respondents. FORESTON DEVELOPMENT CORP., Intervenor-Respondent.—In an action, *inter alia,* for a judgment declaring Local Laws, 1986, No. 3 of the Town of Kent invalid, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (Dickinson, J.), entered May 18, 1987, which denied its motion for summary judgment and granted the intervenor's cross motion for summary judgment; and (2) a judgment of the same court, entered August 6, 1987, which declared Local Laws, 1986, No. 3 of the Town of Kent to be valid, and otherwise dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants and the intervenor, appearing separately and filing separate briefs, are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We find unpersuasive the plaintiff's contention that the enactment of the challenged local law by the defendant Town Board of the Town of Kent was violative of the requirement of Town Law § 263 that "[s]uch regulations shall be made in accordance with a comprehensive plan". As we noted in Matter of Sherman v Frazier (84 AD2d 401), a town has authority pursuant to the Municipal Home Rule Law to enact local laws which supersede the provisions of the Town Law, including the mandate that zoning regulations conform to the comprehensive plan of the town (see, Municipal Home Rule Law § 10 [1] [ii] [a] [14]; [d] [3]; Statute of Local Governments § 10 [6]; Matter of Torsoe Bros. Constr. Corp. v Architecture & Community Appearance Bd. of Review, 120 AD2d 738; Matter of Schilling v Dunne, 119 AD2d 179; North Bay Assocs. v Hope, 116 AD2d 704, lv denied 68 NY2d 603). Because the Town Board has exercised this supersession power in this case, the requirements of Town Law § 263 have been rendered inapplicable. In any event, we note that the allegations of a conflict between the challenged enactment and the comprehensive plan of the Town of Kent were inadequate to raise an issue of fact sufficient to withstand the cross motion for summary judgment (see, e.g., Matter of Sherman v Frazier, supra).

Similarly unavailing is the plaintiff's contention that the resolution of the Town Board enacting Local Laws, 1986, No. 3 of the Town of Kent failed to comply with General Municipal Law § 239-m (1) in that it did not fully set forth the reasons for acting contrary to the recommendation of the Putnam County Division of Planning and Development. While the memorandum sent by that body to the Town Board purported to approve the proposed local law "with modifications", it did not suggest a specific modification of the proposed law, nor did

it clearly and unequivocally prescribe a course of action for the Town Board to follow prior to the enactment of the local law. We conclude from the equivocal and precatory nature of the language employed in the memorandum, and from the over-all advisory tenor of the document, that the Putnam County Division of Planning and Development failed to sufficiently articulate any modifications. Thus, it was unnecessary for the Town Board to include a statement of reasons in the resolution enacting the challenged local law *(cf., Matter of Voelckers v Guelli,* 58 NY2d 170).

Furthermore, the plaintiff's claim that the Town Board failed to comply with the provisions of the State Environmental Quality Review Act (hereinafter SEQRA; ECL art 8), in enacting the local law was properly rejected by the court of first instance as untimely interposed. It is clear that "an action based upon noncompliance with SEQRA is governed by the four-month Statute of Limitations contained in CPLR 217" *(Vanderwoude v Post/Rockland Assocs.,* 130 AD2d 739, 741; *see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193). The SEQRA claim was not raised until more than five months after the enactment of the local law. Moreover, the plaintiff cannot make use of the "relation back" provision embodied in CPLR 203 (e) to save this claim, as it was raised for the first time in the motion for summary judgment rather than in an amended pleading, and, in any event, the complaint failed to give notice of the transactions or occurrences out of which the SEQRA claim arose *(see generally, Caffaro v Trayna,* 35 NY2d 245; *Menis v Raksin,* 125 AD2d 375).

Finally, we conclude that the notice of public hearing which preceded the enactment of the local law was legally sufficient to apprise the public of the precise nature of the proposed change in the town's zoning law and was neither vague nor misleading *(see generally, Vanderwoude v Post/Rockland Assocs., supra).* Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.