ALAN KASPER, Appellant, v TOWN OF BROOKHAVEN et al., Respondents.

Second Department, December 5, 1988

**APPEARANCES OF COUNSEL**

*Shapiro, Wolinsky & Parnell (Alan M. Wolinsky* of counsel), for appellant.

*Allen I. Sak, Town Attorney (Barbara M. Weltsek* of counsel), for respondents.

**OPINION OF THE COURT**

SULLIVAN, J.

This appeal presents for our resolution the question of whether the Town of Brookhaven may constitutionally enact a

local law which, while providing for the issuance of permits to a restricted number of single-family homeowners for the purpose of creating and maintaining accessory rental apartments within their homes, limits the availability of these accessory apartment permits, and consequently the financial benefits which flow therefrom, to only those homeowners who also occupy their homes. For the reasons which follow, we conclude that it may.

I

On December 7, 1982, by Local Laws, 1982, No. 12 of the Town of Brookhaven, a new article XLI was added to the Town Code of the Town of Brookhaven. This enactment, entitled "Accessory Uses" provides for the maintenance of a single-bedroom apartment within a home situated in various specified single-family residence zoning districts upon the obtaining of a special permit. The purpose and intent underlying the law are expressly set forth in Town of Brookhaven Code § 85-411 (A) as follows: "to provide the opportunity and encouragement for the development of small rental housing units designed, in particular, to meet the special housing needs of single persons and couples of low and moderate income, both young and old, and of relatives of families presently living in the Town of Brookhaven. Furthermore, *it is the purpose and intent of this local law to allow the more efficient use of the town's existing stock of dwellings to provide economic support of present resident families of limited income* and to protect and preserve property values" (emphasis supplied). To achieve these goals while maintaining the single-family character of the residential districts affected, Town of Brookhaven Code § 85-411 (B) (12) limits the number of accessory apartments within any given area: "Limitations. No permit shall be issued for an accessory apartment in the event that five percent (5%) or more of the lots within a one-half-mile radius of the subject parcel contain accessory apartments. The Accessory Apartment Review Board may vary this requirement when, due to sparsity of development in the surrounding area, it is not practicable to maintain the five-percent cap on accessory apartments. This subsection shall not apply to applications filed within six (6) months of the effective date of this local law where the application is to legalize an accessory apartment preexisting the effective date of this local law."

The three-year, renewable accessory apartment permits may

be acquired by homeowners upon the satisfaction of numerous requirements regarding, *inter alia,* area (Town of Brookhaven Code § 85-411 [B] [3]), water and sewer facilities (Town of Brookhaven Code § 85-411 [B] [6]), and off-street parking (Town of Brookhaven Code § 85-411 [B] [7]). Moreover, Brookhaven Town Code § 85-411 (B) (1) sets forth an owner occupancy requirement as follows: "Owner occupancy required. The owner(s) of the lot upon which the accessory apartment is located shall reside within the principal dwelling building."

## II

The plaintiff is the alleged owner of a parcel of property which has been improved with a single-family home and which is situated within one of the zoning districts to which the accessory apartments law applies. He does not occupy the residence, but resides elsewhere in the Town of Brookhaven. He avers that he applied to the Accessory Apartment Review Board for a permit to maintain an accessory apartment in 1986, but that his application was denied because he did not occupy the subject premises. He thereafter commenced the instant action seeking a declaration that Town of Brookhaven Code § 85-411 is void and unconstitutional insofar as it requires owner occupancy before an accessory apartment permit may be issued. The Supreme Court, Suffolk County (Gerard, J.), granted a motion by the defendants for summary judgment and declared the law constitutional. We now affirm.

The plaintiff presently maintains that the law (1) exceeds the legislative powers granted to the town in Town Law § 261; (2) draws an irrational distinction between owners who occupy their homes and those who do not, treating the two groups differently in violation of the plaintiff's rights to equal protection and due process of law; and (3) impermissibly regulates the users of the property rather than the use of property. We find none of these contentions persuasive.

## III

With regard to the first of these arguments, it is clear that the town did not exceed its legislative authority in enacting Brookhaven Town Code § 85-411. We have repeatedly noted in matters similar to that at bar that towns may enact zoning laws pursuant to the broad powers granted them in Municipal Home Rule Law § 10 in addition to the more limited powers set forth in the Town Law *(see, Weinstein*

*Enters. v Town of Kent,* 135 AD2d 625, *lv denied* 72 NY2d 801; *Matter of Torsoe Bros. Constr. Corp. v Architecture & Community Appearance Bd. of Review,* 120 AD2d 738; *North Bay Assocs. v Hope,* 116 AD2d 704, *lv denied* 68 NY2d 603; *Matter of Sherman v Frazier,* 84 AD2d 401). Indeed, our decision in *Matter of Sherman v Frazier (supra)* is virtually dispositive of this issue. There, in an opinion by former Justice Lazer, we upheld the validity of a local law which had been enacted by the Town of Babylon and which in many respects parallels Town of Brookhaven Code § 85-411. In so doing, we flatly rejected the claim that the Town of Babylon could not exceed the limited legislative authority granted by the provisions of the Town Law. Rather, we concluded that the town possessed broad zoning authority pursuant to Municipal Home Rule Law § 10 and therefore could enact laws which supersede the Town Law.

In the matter before us, the application of similar reasoning is appropriate. The minutes of the public hearing which preceded the adoption of Town of Brookhaven Code § 85-411 demonstrate that the accessory apartments law was closely patterned after the legislation upheld in *Matter of Sherman v Frazier (supra)* because the latter "has withstood a court challenge and it is in place and working [in the Town of Babylon]". Moreover, the enactment of the law challenged herein required no greater legislative authority than that which was exercised by the Town of Babylon in *Matter of Sherman v Frazier (supra).* Hence, regardless of whether the Town of Brookhaven has exceeded the legislative authority provided by the Town Law in enacting Brookhaven Town Code § 85-411, an issue which we presently do not decide, it is clear that the adoption of the accessory apartments legislation is authorized by the Municipal Home Rule Law.

## IV

Equally unavailing is the plaintiff's contention that the law is violative of his equal protection and due process rights in that it arbitrarily deprives him of the opportunity to obtain additional rental income from his property merely because he does not occupy the home which he owns. It is firmly established that a strong presumption of constitutionality attaches to zoning legislation, so that the party challenging a zoning provision on this basis must overcome the presumption by proof beyond a reasonable doubt *(Asian Ams. for Equality v*

*Koch,* 72 NY2d 121; *Marcus Assocs. v Town of Huntington,* 45 NY2d 501; *Tilles Inv. Co. v Town of Huntington,* 137 AD2d 118). A classification scheme such as the one at bar which is created by zoning legislation will pass constitutional muster if it is "adopted for a legitimate governmental purpose" *(Asian Ams. for Equality v Koch, supra,* at 132) and is "reasonably related to some manifest evil which, however, need only be reasonably apprehended" *(Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11). Therefore, "if on any interpretation of the facts known or reasonably to be perceived, the zoning measure falls within the embrace of the town's authority to regulate property as a means of promoting the general welfare of the community * * * it is insulated from attack" *(Town of Huntington v Park Shore Country Day Camp,* 47 NY2d 61, 66, *rearg denied* 47 NY2d 1012).

There can be no dispute that Town of Brookhaven Code § 85-411 distinguishes between those homeowners who occupy their premises and those who do not. It accords these two groups different treatment by providing owner-occupants with an opportunity to obtain rental income while failing to offer a similar opportunity to nonoccupying owners, many of whom are already leasing their homes to outside tenants. Hence, the focus of our inquiry must of necessity come to rest upon whether the classification is rationally related to the permissible goals of zoning legislation. While the statement of purpose found in Town of Brookhaven Code § 85-411 (A) emphasizes the importance of supplying moderately priced, desperately needed housing in a small and unobtrusive rental setting, it attaches equal significance to providing single-family home-owner-occupants of limited means, who must continue to pay the carrying costs on their homes, with additional income so as to ameliorate their financial burdens. We discern nothing improper in the goal of alleviating the growing shortage of affordable housing within the town while at the same time providing financial relief to those homeowners who may be of modest means and who will be better able to retain ownership of their residences and to maintain them in aesthetically acceptable condition by leasing the available, unused living space in their homes.

Similarly, we perceive nothing arbitrary or irrational in the inclusion of an owner-occupancy requirement within Town of Brookhaven Code § 85-411 in order to achieve this goal. Indeed, only a finite number of accessory apartments are authorized by the law so as not to disrupt the single-family home

character of the zoning districts affected. In view of this limitation, it is not altogether improbable that were nonoccupying homeowners who maintain their properties for investment purposes allowed to take advantage of the accessory apartments legislation, many occupying homeowners of lesser financial means would be denied the opportunity to supplement their income with rental funds. A major goal of the challenged legislation clearly would be frustrated under such a scheme, for the owners who occupy their homes would be left without the moneys needed to retain ownership of their residences and to maintain them in appropriate fashion, while nonoccupying owners such as the plaintiff would merely gain increased income from additional tenants, thereby effectively creating multiple rental properties with absentee landlords. The Town of Brookhaven had the right to find such a situation undesirable and legitimately seek to prevent its occurrence by inserting an owner-occupancy requirement in the accessory apartments law. Hence, it cannot be said that the distinction drawn between those owners who occupy their homes and those who do not bears no rational relationship to the legitimate purposes of the challenged legislation *(see, e.g., Town of Huntington v Park Shore Country Day Camp*, 47 NY2d 61, *supra; Ilasi v City of Long Beach*, 38 NY2d 383).

The decision in *Ilasi v City of Long Beach (supra)* provides support for the foregoing conclusion. There, the city amended its zoning ordinance to both legalize and permit the continuation of some 100 homes situated in an area zoned exclusively for single-family residential use that had been illegally converted to two-family use. However, to stem the tide of two-family use, the city permitted only those illegal uses in existence at the time of the amendment to continue. On the day following the enactment of the amendment, a landowner sought a certificate of compliance allowing him to utilize his newly constructed single-family home as a two-family dwelling. The certificate was denied, and he commenced suit to have the amendment declared unconstitutional on the ground that it treated two similarly situated classes of homeowners unequally. A majority of the Court of Appeals reversed a summary disposition finding the amendment unconstitutional and ordered a trial on the reasonableness of the amendment, observing that a zoning provision is not rendered constitutionally infirm by mere reason of the fact that it results in disparate treatment: "[t]hat the reclassification here works to the economic advantage of some individual property owners

who, as prior violators of the zoning ordinances, may appear undeserving, while withholding a corresponding advantage from prior law-abiding homeowners cannot in and of itself be deemed dispositive. 'Every restriction on the use of property entails hardships for some individual owners. * * *' *(Matter of Golden v Planning Bd. of Town of Ramapo,* 30 NY2d 359, 381, app dsmd 409 US 1003)" *(Ilasi v City of Long Beach, supra,* at 387-388).

Similarly, the decision in *Town of Huntington v Park Shore Country Day Camp (supra)* also illustrates the principle that mere disparate treatment is not a sufficient basis for voiding a zoning provision. In that case, the town zoning ordinance authorized by special exception the creation and operation of tennis courts by private, nonprofit clubs but prohibited commercial enterprises from maintaining identical facilities for use by the general public. The defendant day camp constructed a total of 14 tennis courts on the property adjacent to its nursery school and put them to commercial use for adults generally, advertising the availability of the facilities to the general public. The town commenced an action to have several of the tennis courts removed and any future commercial use permanently enjoined, and the day camp counterclaimed for a declaration that the zoning ordinance was unconstitutionally discriminatory. The Court of Appeals upheld the validity of the ordinance, concluding that the distinction drawn between private and commercial operation of tennis courts was rationally related to the goal of maintaining the residential character of the affected district. It observed that the town could reasonably conclude that commercially owned facilities posed a greater risk of producing such undesirable results as increases in crowds, noise and traffic, and that owners of a commercial facility might be less likely to maintain the appearance of their property in times of economic adversity.

In the matter before us, the distinction created by Town of Brookhaven Code § 85-411 between homeowners who occupy their homes and those who do not is no less rationally related to a legitimate goal of zoning than was the distinction held valid by the Court of Appeals in *Town of Huntington v Park Shore Country Day Camp (supra).* As noted previously, the express purpose of the accessory apartments law is to aid occupying homeowners in retaining and maintaining their properties while answering the need for affordable rental accommodations without disturbing the single-family-resi-

dence character of the affected districts. Inasmuch as the owner-occupancy requirement is an integral component of the town's legislative strategy to achieve this goal, it bears a rational relationship to the stated purpose of Town of Brookhaven Code § 85-411. Given this fact, it is not for us to determine whether the legislation herein represents the wisest or most expeditious means for accomplishing the stated goal *(see, Marcus Assocs. v Town of Huntington,* 45 NY2d 501, *supra; Tilles Inv. Co. v Town of Huntington,* 137 AD2d 118, *supra).*

The plaintiff relies upon our decision in *Allen v Town of N. Hempstead* (103 AD2d 144, *appeal withdrawn* 63 NY2d 944) to support his claim that Brookhaven Town Code § 85-411 impermissibly discriminates against nonoccupying homeowners. That reliance is misplaced, however, as *Allen v Town of N. Hempstead (supra)* involved a classic example of exclusionary zoning. There, the town had enacted legislation enabling private developers to construct housing in a "Golden Age Residence District" to meet the needs of senior citizens. However, the legislation provided that senior citizens who applied for residence in the district had to have legally resided within the town for at least one year prior to the date of their application. We concluded that this durational residency requirement was unconstitutional because it was exclusionary in both its purpose and its result. Indeed, because appropriate, affordable housing for senior citizens was not generally available within the town, a fact precluding outsiders from fulfilling the durational residency requirement necessary to gain entry to a "Golden Age Residence District" development, we found that the durational residency requirement "effectively prevented [nonresident senior citizens] from moving to the Town of North Hempstead, altogether" *(Allen v Town of N. Hempstead, supra,* at 147). Moreover, we further concluded that "the durational residency requirement bears no rational relationship to the laudable goal of providing appropriate and affordable housing for senior citizens, reflected in the ordinance creating the 'Golden Age Residence Districts' " *(Allen v Town of N. Hempstead, supra,* at 148).

The circumstances of the present case stand in marked contrast to those in *Allen v Town of N. Hempstead (supra),* for the owner-occupancy requirement challenged herein is rationally related to a legitimate goal of zoning. Town of Brookhaven Code § 85-411 has no exclusionary purpose or effect. Indeed, the accessory apartments law neither discourages nor

precludes any individual or group from taking up residence within the town. In fact, the owner-occupany requirement of the accessory apartment ordinance encourages owners to live in the town. Hence, the plaintiff's claim of arbitrary discrimination is unavailing.

Nor can we agree with the plaintiff's related claim that he was deprived of the opportunity to obtain additional rental income without due process of law by virtue of Town of Brookhaven Code § 85-411. It is quite clear that the plaintiff need only occupy his home in order to apply for an accessory apartment permit. However, even if he fails to do so, the only "deprivation" which he can be said to suffer is the inability to obtain more than one rental fee from the premises, which does not approach such a diminution in the property's value as to constitute a confiscation. Indeed, such additional moneys would constitute nothing more than " 'pecuniary profits of the individual [which] must in the long run be subordinated to the needs of the community' " (Ilasi v City of Long Beach, 38 NY2d 383, 388, supra).

## V

The plaintiff further contends that Brookhaven Town Code § 85-411 impermissibly regulates the users of property rather than the use thereof insofar as it requires that a homeowner occupy his home in order to obtain an accessory apartment permit. We do not agree. While it is generally true that zoning has as its purpose the regulation of land and not landowners (see, FGL & L Prop. Corp. v City of Rye, 66 NY2d 111), it is clear that, as a practical matter, many zoning laws extend beyond the mere regulation of property to affect the owners and users thereof. A case in point is Maldini v Ambro (36 NY2d 481, appeal dismissed and cert denied 423 US 993). There, the Town of Huntington created a "Retirement Community District" so that nonprofit corporations could provide appropriate accommodations for the elderly. The legislation was challenged on the basis that it was discriminatory because, inter alia, it focused upon the users of the property (i.e., the elderly) rather than upon the use to which the realty was to be put. In rejecting this challenge, the Court of Appeals observed as follows: "[t]hat the 'users' of the retirement community district have been considered in creating the zoning classification does not necessarily render the amendment suspect, nor does it clash with traditional 'use' concepts of zoning.

Including the needs of potential 'users' cannot be disassociated from sensible community planning based upon the 'use' to which property is to be put. The line between legitimate and illegitimate exercise of the zoning power cannot be drawn by resort to formula, but as in other areas of the law, will vary with surrounding circumstances and conditions *(Euclid v Ambler Co.,* 272 US 365, 387)" *(Maldini v Ambro, supra,* at 487-488).

In similar fashion, the Town of Brookhaven has appropriately considered, *inter alia,* the economic plight of occupying homeowners and the obvious benefits which will accrue to the community as a whole in enacting the accessory apartments law. Significantly, the legislation challenged herein does not attach a personal condition to any individual landowner, nor is it unrelated to the use of property within the town *(cf., Matter of St. Onge v Donovan,* 71 NY2d 507; *FGL & L Prop. Corp. v City of Rye, supra; Matter of Dexter v Town Bd.,* 36 NY2d 102). Rather, it constitutes a permissible accessory-use zoning provision. Indeed, the plaintiff fails to comprehend that an accessory use (i.e., a use incidental to and occasioned by the principal use of the premises) by its very nature ordinarily attaches to the occupancy of the premises rather than to the mere ownership thereof, so that the owner of a residence typically must occupy the premises in order to take advantage of the benefits offered by accessory-use legislation *(see, e.g., City of White Plains v Sassower,* 97 AD2d 452, *lv denied* 61 NY2d 601; *Peter Marcy, Inc. v Perlman,* 92 AD2d 511).

Finally, the plaintiff maintains that a trial is necessary in order to test the accuracy of the town's claims that the owner-occupancy requirement will result in the better maintenance of homes and the avoidance of excessive numbers of tenants occupying individual dwelling units. However, even if we accept this claim without argument, it nevertheless has been established as a matter of law that the owner-occupancy requirement serves the permissible legislative purpose of providing occupying homeowners of modest means with additional income for use in retaining ownership of their residences and maintaining them in appropriate condition. In this regard, the only factual issue remaining open to debate concerns whether the owner-occupancy provision is the wisest and most efficient legislative vehicle for accomplishing this end, an inquiry from which the courts are excluded. Accordingly, the Supreme Court, Suffolk County, properly granted

the defendants' motion for summary judgment and declared that Town of Brookhaven Code § 85-411 is constitutional.

MOLLEN, P. J., MANGANO and RUBIN, JJ., concur.

Ordered that the judgment of the Supreme Court, Suffolk County, dated February 6, 1987, is affirmed, with costs.