■ In the Matter of ENRICO VEZZA, Appellant, v LOUIS BAUMAN et al., Respondents, and LAKE ISLE SHORE CLUB, INC., Intervenor-Respondent. [597 NYS2d 418] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Eastchester, dated May 22, 1990, which, *inter alia,* granted a special permit to the intervenor-respondent Lake Isle Shore Club, Inc. for the construction of a swimming pool, and an action for a judgment declaring that Local Laws, 1989, No. 3 of the Town of Eastchester is unconstitutional, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered January 18, 1991, which dismissed the petition.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Zoning Board of Appeals of the Town of Eastchester properly found that the lot owned by Lake Isle Shore Club, Inc. contained more than two acres and thus was entitled to

consideration for exemption from the town's parking requirement pursuant to zoning law of the Town of Eastchester Zoning Code § 11 (H) (1) (Local Laws, 1989, No. 3 of Town of Eastchester). Although a portion of the lot was located under the waters of a reservoir, nothing in the zoning law required the exclusion of underwater land from calculations of minimum lot size (cf., Larsen v Incorporated Vil. of Nissequogue, 192 AD2d 585).

It is well settled that zoning laws are by their very nature in derogation of common-law property rights and thus are subject to the long-standing rule requiring their strict construction (see, Moriarty v Planning Bd., 119 AD2d 188; FGL & L Prop. Corp. v City of Rye, 66 NY2d 111, 115).

Although a proceeding pursuant to CPLR article 78 is not the proper vehicle to challenge the constitutionality of legislative enactments, we will treat the portion of the petition which seeks a declaration that Local Laws, 1989, No. 3 of the Town of Eastchester is unconstitutional as a declaratory judgment action and thereby dispose of it on the merits (see, Matter of Torsoe Bros. Constr. Corp. v Architecture & Community Appearance Bd. of Review, 120 AD2d 738, 739; CPLR 103 [c]; cf., Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449).

The petitioner's contention that Local Laws, 1989, No. 3 of the Town of Eastchester is unconstitutional because it vests unlimited discretion in the Zoning Board of Appeals is without merit. As legislative acts, local laws pertaining to zoning matters are invested with a strong presumption of constitutionality (see, Matter of Torsoe Bros. Constr. Corp. v Architecture & Community Appearance Bd. of Review, supra, at 739; Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville, 51 NY2d 338, 344, cert denied 450 US 1042). Local governments may properly delegate the discretionary power to vary the application of zoning laws, provided that there are standards that " 'are capable of reasonable application and are sufficient to limit and define the board's discretionary powers' " (Matter of Torsoe Bros. Constr. Corp. v Architecture & Community Appearance Bd. of Review, supra, at 739, quoting Matter of Aloe v Dassler, 278 App Div 975, affd 303 NY 878; Town of Islip v Zalak, 165 AD2d 83, 98). We find that Local Laws, 1989, No. 3 of the Town of Eastchester contains an adequate statement in "general terms" of the appropriate standards.

We further find that the determination to grant the special permit was amply supported by the record, and that the

Zoning Board of Appeals properly discounted the weight to be accorded to the "appraisal" submitted by the petitioner.

We have reviewed the petitioner's remaining contentions and find them to be without merit *(see generally,* 6 NYCRR 617.2 [v]; 617.6 [g] [1] [i], [ii]). Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.