1999 ME 179

**Joan RICHERT**

v.

**CITY OF SOUTH PORTLAND et al.**

Supreme Judicial Court of Maine.

Argued Oct. 6, 1999.

Decided Dec. 3, 1999.

Seth D. Harrow, Esq., (orally), Smith Elliott Smith & Garmey, P.A ., Portland, for plaintiff.

Mary K. Kahl, Esq., (orally), South Portland, Frederick H. Greene III, Esq.,

(orally), Portland, (for Charles and Virginai Secors), for defendants.

Before WATHEN, C.J., and CLIFFORD, DANA, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Joan Richert appeals from the judgment entered in the Superior Court (Cumberland County, *Cole, J.*) affirming the decision of the City of South Portland Zoning Board of Appeals (ZBA) that Charles and Virginia Secor were the "resident occupants" of a South Portland building and could therefore engage in the "home occupation" of letting rooms.[1] Richert contends, *inter alia,* that the Secors are not the "resident occupants" of the dwelling during the approximately ten months of the year they are living in Connecticut. We agree, and vacate the judgment.

[¶ 2] The Secors have maintained their property for many years as a legally nonconforming two-family dwelling. The Secors use the ground floor dwelling unit when they visit Maine, and they lease the second floor to tenants. The focus of this appeal, however, is the Secors' rental agreement with two individuals who share the space in which the Secors reside when they visit Maine, but reside primarily on the third floor of the residence.

[¶ 3] Joan Richert is a neighbor of the Secors who became concerned that the property was being used in violation of the zoning ordinance. This concern resulted from her observation of an increased number of automobiles and trash cans on the property. Richert reported these con-

---

**1.** Section 27–55 of the zoning ordinance defines the term "home occupation" as follows: An occupation or profession which is: Customarily carried on in a dwelling unit or in a building or other structure accessory to a dwelling unit; *carried on by a member of the family residing in the dwelling unit;* clearly incidental and secondary to the use of the dwelling unit for residential purposes; conforms with the following conditions:

. . . .
(i) The following are examples of permitted uses under this definition:
. . . .
(5) Letting of rooms or taking of boarders to a maximum of two persons conducted by *resident occupants* only.
SOUTH PORTLAND, ME., CODE § 27–55 (1998) (emphasis added).

cerns to Pat Doucette, the South Portland Code Enforcement Officer (CEO).

[¶ 4] On February 24, 1998, the CEO inspected the Secors' property and found that the third-floor attic had been illegally converted into a third dwelling unit. After a series of communications with the CEO, the Secors sent a statement to her signed by the third floor occupants stating that they were boarders in the Secors' home, not tenants in an independent dwelling unit. The occupants had responded to an advertisement listing the third floor as a partially furnished apartment. In their statement, the individuals reported that they had full access to the entire first floor unit for cooking and living facilities. Given this new information, the CEO ceased pursuit of any claim of violation against the Secors, and informed Richert of her decision. Richert filed a timely appeal with the ZBA.

[¶ 5] After a hearing, the ZBA voted unanimously to deny Richert's appeal. In addition to the facts stated above, the ZBA found that the Secors spend a portion of each summer season in their South Portland home and occasionally travel there for weekend visits throughout the remainder of the year. However, the Secors maintain their primary residence in Connecticut, where the City sends their tax bills and any other communications.

[¶ 6] "When the Superior Court acts as an intermediate appellate court, we review directly the decision of the municipal [ZBA] for abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *Lewis v. Town of Rockport*, 1998 ME 144, ¶ 9, 712 A.2d 1047, 1049. Our review includes an examination of the record developed be-

fore the ZBA. *See Cobbossee Dev. Group v. Town of Winthrop*, 585 A.2d 190, 192 (Me. 1991). We will not upset the decision of a ZBA unless it was "unlawful, arbitrary, capricious or unreasonable." *Juliano v. Town of Poland*, 1999 ME 42, ¶ 5, 725 A.2d 545, 547 (quoting *Driscoll v. Gheewalla*, 441 A.2d 1023, 1029 (Me.1982)).

[¶ 7] Section 27–55 of the South Portland Zoning Ordinance states that the letting of rooms or taking of boarders "may be conducted by *resident occupants only.*" SOUTH PORTLAND, ME. CODE § 27–55 (1998) (emphasis added). Accordingly, we must decide whether the ZBA erred by interpreting the term "resident occupant" to include individuals such as the Secors who actually occupy their property only for a few weeks each year. The interpretation of a zoning ordinance is a question of law. *See Town of Union v. Strong*, 681 A.2d 14, 17 (Me.1996). The disputed language "must be construed reasonably and with regard to both the ordinance's specific object and its general structure." *Lewis*, 1998 ME 144, ¶ 11, 712 A.2d at 1049 (quoting *Strong*, 681 A.2d at 18). "Each undefined term is generally given its common and generally accepted meaning unless the context of the statute clearly indicates otherwise." *Id.* (quoting *Strong*, 681 A.2d at 18).

[¶ 8] By the ZBA's reasoning, any individual having a possessory interest in residential property in South Portland who makes actual use of the property for any period of time during a given year is the "resident occupant" of that property throughout the entire year for the purpose of operating a "home occupation" on the property.[2] Giving the phrase "resident oc-

---

2. The ZBA reached its conclusion by piecing together the definitions of each word in the term "resident occupant" as defined by Black's Law Dictionary. Black's Law Dictionary defines "resident" as follows:

Any person who occupies a dwelling within the State, has a present intent to remain within the State for a period of time, and

manifests the genuineness of that intent by establishing an ongoing physical presence within the State together with the indicia that his presence within the State is something other than merely transitory in nature.

BLACK'S LAW DICTIONARY 1309 (6th ed.1990). "Occupant" is defined as a:

cupant" its common and ordinary meaning, we cannot agree with the conclusion reached by the ZBA. Inherent in being the occupant of a residence is that the individual actually live in the residence. Even the definition on which the ZBA relied states that the occupant must be in *"actual use, possession or control"* of the property. *See* BLACK'S LAW DICTIONARY 1078 (6th ed.1990) (emphasis added).[3]

■ [¶ 9] We do not expect the City of South Portland to track the number of days each individual holding a possessory interest in property within the City actually spends on her property. However, it is evident from the record that the Secors annually spend, at most, six weeks in the summer and an occasional weekend in South Portland. While we would not require the operator of a home occupation to refrain entirely from temporary absences, e.g., a vacation, such is not the case here. There is no dispute that the Secors' pri-mary residence is in Connecticut. Accordingly, under no fair interpretation of the term, are we able to conclude that the Secors remain the "resident occupants" of their South Portland home during the lengthy periods of time they are living in Connecticut.

The entry is:

Judgment of the Superior Court vacated. Remanded with instructions to vacate the decision of the South Portland Zoning Board of Appeals and remand to the South Portland Zoning Board of Appeals for further proceedings consistent with this opinion.

[p]erson in possession. Person having possessory rights, who can control what goes on on [the] premises. One who has actual use, possession or control of a thing. *Id.* at 1078.

3. *Cf. Redevelopment Auth. of Allegheny County v. Stephanik,* 25 Pa.Cmwlth. 180, 360 A.2d 300, 302 (1976) (defining the term "occupancy" as "requir[ing] more than the mere right to possess or control property—the right to possess or control must actually be exercised"); *Kasper v. Town of Brookhaven,* 142 A.D.2d 213, 535 N.Y.S.2d 621, 626 (1988) (upholding the constitutionality of an ordinance permitting residents who *actually occupied* their homes to secure permits for accessory rental apartments but denying permits to nonresidents). In *Kasper,* the court stated that all the petitioner had to do to apply for such a permit was *occupy* his home. *Id.*