■ In the Matter of ANNA PAGNOZZI, Appellant, v PLANNING BOARD OF THE VILLAGE OF PIERMONT, Respondent. [739 NYS2d 742] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Piermont, dated May 8, 2000, which, after a hearing, denied the petitioner's application for a two-lot subdivision of her property, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Dillon, J.), dated January 24, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the respondent to grant the appellant's application for a two-lot subdivision of her property.

The reviewing court in a proceeding pursuant to CPLR article 78 may not substitute its judgment for that of a planning board unless the planning board's determination is arbitrary and capricious, illegal, or an abuse of discretion (*see Matter of Brucia v Planning Bd. of Town of Huntington,* 157 AD2d 657; *Heller v Kabcenell,* 126 AD2d 728). The Planning Board of the Village of Piermont (hereinafter the Board) denied the petitioner's application for a two-lot subdivision of her property, finding that the proposed lots were too small to be built upon, as well as incompatible with the surrounding area and the master plan of the Village of Piermont. The primary basis for this determination was that the petitioner's proposed lots would have been substandard but for the petitioner's right to land that was under water. Since the Piermont Village Code does not address the use of some land that is under water to satisfy bulk area zoning requirements, the petitioner is permitted to use the area of land that is under water to satisfy those requirements (*see Matter of Vezza v Bauman,* 192 AD2d 712; *Matter of Esposito Bldrs. v Coffman,* 183 AD2d 828; *Done Holding Co. v State of New York,* 144 AD2d 528; *Marx v Zoning Bd. of Appeals of Vil. of Mill Neck,* 137 AD2d 333).

The Board failed to provide any additional evidence to support its determination. In fact, it made specific findings in a review conducted pursuant to the State Environment Quality Review Act that the proposed two-lot subdivision would have no adverse impact on, among other things, the air, plants, animals, historical resources, recreational opportunities, or the character of the community. Furthermore, it provided no evidence concerning the size of the neighboring lots, nor any indication that it had denied similar applications. Since the proposed subdivision met the zoning requirements, and there was no evidence of an adverse impact on the community, the Board's determination was arbitrary and capricious (*see Matter of Brucia v Planning Bd. of Town of Huntington, supra*; *Matter of Ronsvalle v Blumenthal*, 144 AD2d 766). Therefore, the matter is remitted to the Board to grant the appellant's application for a two-lot subdivision of her property. Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.