▮▮ In the Matter of AL HAUSER, Appellant, v TOWN OF WEBB et al., Respondents. [824 NYS2d 539]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered July 21, 2005 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted and the matter is remitted to respondent Planning Board of the Town of Webb for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent Planning Board of the Town of Webb (Board) denying his application for a two-lot subdivision of his property and to direct the Board to grant his

application. Supreme Court erred in dismissing the petition and confirming the determination. "[A]s long as the Board's determination has a rational basis supported by substantial evidence, a court should not substitute its judgment for that of the Board when the Board has not abused its discretion or acted arbitrarily" (*Matter of M & M Partnership v Sweenor*, 210 AD2d 575, 576-577 [1994]). Here, the Board's determination denying the application on the ground that the lots created by the proposed subdivision would not be in harmony with the character of the neighborhood lacks a rational basis and is contrary to the evidence (*see Matter of Diamond v Specter*, 39 AD2d 942, 943 [1972], *affd* 32 NY2d 811 [1973]; *Reed v Planning Bd. of Town of Chester*, 120 AD2d 510, 512 [1986]). The evidence establishes that the lots created by the proposed subdivision would comply with the area requirements of the zoning ordinance, and would be larger than 30% of the lots in the neighborhood. Because "the proposed subdivision met the zoning requirements, and there was no evidence of an adverse impact on the community, the Board's determination was arbitrary and capricious" (*Matter of Pagnozzi v Planning Bd. of Vil. of Piermont*, 292 AD2d 613, 614 [2002]; *see Matter of Brucia v Planning Bd. of Town of Huntington*, 157 AD2d 657 [1990]). We therefore reverse the judgment, grant the petition and remit the matter to the Board to grant petitioner's application. Present—Scudder, J.P., Kehoe, Martoche and Green, JJ.