STATE OF MAINE  
CUMBERLAND, ss.



SUPERIOR COURT  
CIVIL ACTION  
Docket No. AP-05-39

DIANN SANBORN, et al.,

Plaintiffs,

v.                                                              ORDER

INHABITANTS OF THE TOWN OF  
SEBAGO,

Defendant.

In this Rule 80B action Diann and Michael Sanborn appeal from a June 6, 2005 decision by the Sebago Board of Appeals (ZBA) upholding the Sebago Code Enforcement Officer's issuance of a building permit to Brent Anderson. R. 1-2.

Anderson owns property with approximately 97 feet of frontage on Peabody Pond. R. 11. This appeal constitutes the second round of a battle waged by the Sanborns to prevent him from building a dwelling on the property to replace an existing mobile home. In December 2004 the Sebago Planning Board approved a revised shoreland zone application by Anderson to build a dwelling on his property, and the Sanborns appealed that decision to the ZBA, which affirmed the decision of the Planning Board on February 28, 2005. R. 46. The Sanborns did not seek judicial review of that decision.

Thereafter, when the code enforcement officer issued a building permit to Anderson, the Sanborns appealed the issuance of the building permit to the ZBA. R. 3-12. The ZBA held a hearing on May 31, 2005 (R. 124-52) and issued its decision on June 6, 2005. R. 1-2. This is the decision that is now on appeal.

Although they raised a number of issues before the Board, the Sanborns have raised only three issues in their brief on appeal – (1) that the ZBA's decision lacked adequate findings, (2) that the proposed dwelling was not located at least 25 feet from Peabody Pond Road, and (3) that the ZBA erred in failing to decide issues raised by plaintiffs with respect to alleged excess tree-cutting and erosion control.[1] In response, Anderson argues that the court does not have the jurisdiction over the Sanborns' appeal, and both the Town and Anderson argue that the appeal should be denied on the merits.[2]

At the outset, the court would observe that judicial review is made considerably more difficult in this case because major portions of the May 31, 2005 hearing were inaudible and therefore could not be transcribed. See R. 128-52.

1.      Jurisdiction

There is a significant issue whether the court has jurisdiction over this appeal. The Sebago Building Ordinance, in the section entitled "Appeals," provides in pertinent part as follows:

> In the event of refusal by the Code Enforcement Officer to issue a permit, appeal shall be to the Board of Appeals within sixty (60) days of the denial.

Building Ordinance § 4(A), R. 54. There is no comparable provision providing for an appeal in the event that a building permit is issued. This is troublesome because 30-A M.R.S. § 2691(4) provides that

---

[1] The remaining issues raised by the Sanborns before the ZBA, including the issue of whether the Anderson lot is sufficiently deep to allow a structure to be built under the Shoreland Ordinance, have been abandoned.

[2] Although the Town does not join in sections 1A and 1B of Anderson's brief, it agrees with Anderson that the Sanborns' tree cutting and erosion control claims were not properly before the ZBA and could only be raised by a request to have the code enforcement officer take enforcement action.

2

> No board may assert jurisdiction over any matter unless the municipality has by charter or ordinance specified the <u>precise subject matter</u> that may be appealed to the board and the official or officials whose action or nonaction may be appealed to the board.

(emphasis added).

Anderson argues that because there is no provision for an appeal from the issuance of a building permit to the board, the Sanborns' only recourse from the code enforcement officer's issuance of a building permit was to appeal that action directly to the Superior Court within 30 days. M.R.Civ.P. 80B(b). Because the Sanborns did not do that and more than 30 days have passed, Anderson argues, they have lost their right to judicial review.

It follows from this argument that although this issue was never raised before the ZBA, the ZBA did not have jurisdiction of the Sanborns' appeal. The Sanborns argue, <u>inter alia</u>, that if the ZBA did not have jurisdiction of their appeal under the Building Ordinance, it nevertheless had jurisdiction of the appeal under the Shoreland Zoning Ordinance. The court disagrees. The ZBA's jurisdiction over shoreland zoning appeals is limited to issues arising under the Shoreland Zoning Ordinance. Here, Anderson did not need a permit from the code enforcement officer under the Shoreland Zoning Ordinance. His replacement of a mobile home with a one-story dwelling required a shoreland zoning permit from the Planning Board, and he sought and obtained such a permit. He thereafter only needed a standard building permit from the code enforcement officer. The applicable provisions governing appeals from the code enforcement officer's issuance of such a permit are contained in the building code, not the shoreland zoning code.

3

It may be illogical for the Town of Sebago to have given the ZBA jurisdiction in cases where building permits are denied but not in cases where building permits are issued. However, the court is constrained to follow the mandate of 30-A M.R.S. § 2691(4) and to conclude that the only "precise subject" over which the ZBA has been given jurisdiction under the building code is an instance in which a building permit is refused.

Although this means that the appeal will be dismissed, the court will state its views on the merits of the appeal in the event that its decision as to jurisdiction is incorrect.

### 2.    Tree Cutting and Erosion Control

These issues were referred to in the Sanborns' written appeal to the ZBA (see R. 5 ¶ 4) but as far as the court can tell, they were not raised during the May 31, 2005 hearing. Since they presented no evidence, the Sanborns cannot prevail on these issues.

This is true for another reason as well. Whether or not a homeowner complies with the applicable shoreland zoning ordinance requirements that no more that 40% of the total volume of trees 4 inches or more in diameter may be removed (see Shoreland Zoning Ordinance, R. 104) and that certain erosion control procedures be followed, these are not issues which affect the grant of a building permit. The Sanborns point to a provision in the Shoreland Zoning Ordinance stating that the ZBA has power to hear appeals where it is alleged that there has been a failure to act by the code enforcement officer in the enforcement of the shoreland zoning ordinance. Shoreland Zoning Ordinance § 16(G)(1)(a), R. 110. Before this provision could conceivably become applicable, there would have to be a showing that the Sanborns had sought enforcement action by the Code Enforcement Officer – a showing not made in this case.

4

The Sanborns are not entitled to raise this issue in the first instance before the ZBA by including it in their appeal from the issuance of Anderson's building permit.

The ZBA's statement that it had reminded the Sanborns that "it was left to the Code Enforcement Officer to monitor construction of the proposed structure in conformance with all pertinent ordinances" (R. 2) was therefore not an abdication of authority but rather a correct statement of where enforcement authority lay in the first instance.

Finally, assuming that the Sanborns had raised such an issue before the code enforcement officer and then had properly appealed any alleged failure by the code enforcement officer to enforce the shoreland-zoning ordinance, there would remain a further issue whether any alleged decision not to take enforcement action would be judicially reviewable. See Herrle v. Town of Waterboro, 2001 ME 1 ¶¶ 9-10, 763 A.2d 1159, 1161-62. The court does not have to reach that issue in this case.

### 3. Setback from Road – Lack of Adequate Findings

On the other issue raised by the Sanborns, the court would agree that the Board's findings are inadequate. The Board's findings on this issue consist of the statement that

> [a] discussion about the 25-foot setback from the road right of way revealed that although the Town of Sebago accepted Peabody Pond Road in 1968, the actual location and description of said right of way have never been determined.

R. 2. This statement does not constitute a finding that the 25-foot setback has been met.

There may be a dispute in the record whether the footprint of Anderson's dwelling is more than 25 feet from the edge of the currently existing roadway. See R.

5

143-44.[3] From its finding, however, the ZBA may be relying on uncertainty as to the location of the legal right of way, as opposed to the location of the existing roadway.

The Town Building Ordinance provides that

> [n]o building shall be erected on a lot unless the building shall be set back from the highway right of way at least twenty-five feet.

Building Ordinance, Part II, Section 1(D), R. 57. The court cannot discern whether the ZBA is implicitly finding that there is in fact a 25-foot setback between the Anderson building and the edge of the existing roadway or whether it is concluding that, regardless of the location of the existing roadway, there is a 25-foot setback between the Anderson dwelling and the legal right of way or whether it is operating on a different theory entirely. Under these circumstances the ZBA's findings on this issue are insufficient to allow judicial review. See Carroll v Town of Rockport, 2003 ME 135, ¶ 27, 837 A.2d 148, 156.

In addition, under any theory that might have been followed by the ZBA – possibility because of the gaps in the transcript – the court has not found evidentiary support from a finding that the 25-foot setback requirement has been met. Accordingly, if it had jurisdiction over the Sanborns' appeal, the court would remand the case to the Sebago Board of Appeals for further findings and further evidence on one issue: whether the Anderson dwelling meets the 25-foot setback requirement in Part II, Section 1(D) of the Building Ordinance.

Because of the jurisdictional issue, however, the appeal will be dismissed.

---

[3] The court states that there "may" be such a dispute because the gaps in the transcript make it impossible to ascertain the state of the evidence on this issue. There is evidence in the record, apparently from the Town Manager, that the Anderson building would be only 18 feet from the edge of the currently existing road. R. 144. There may also be contrary evidence. See R. 143 ("The Code Enforcement Officer says he does [meet the setback requirement] but the Town Manager says he doesn't."). However, if there is such evidence, it was offered during a portion of the hearing that is inaudible.

The entry shall be:

For the reasons stated, the above-captioned appeal is dismissed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June 12, 2006

Thomas D. Warren
Justice, Superior Court

Date Filed __JUNE 30 2005__ __CUMBERLAND__ Docket No. __AP-05-39__
County

Action __80B APPEAL__

DIANN SANBORN                    INHABITANTS OF THE TOWN OF SEBAGO
MICHAEL SANBORN                  BRENT ANDERSON

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| KENNETH M COLE III ESQ<br>NATALIE L BURNS ESQ<br>10 FREE STREET<br>PO BOX 4510<br>PORTLAND MAINE 04112<br>(207)775-7271 | SCOTT ANDERSON ESQ (ANDERSON)<br>PO BOX 586<br>PORTLAND MAINE 04112-0586<br>(207)774-4000 |
| | AMY K. TCHAO, ESQ.    (TOWN OF SEBAGO)<br>AMANDA A. MEADER, ESQ.<br>PO BOX 9781<br>PORLTAND, ME 04104-5081<br>(207)772-1941 |

Date of
Entry

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. AP-05-39


DIANN SANBORN, et al.,

        Plaintiffs,

   v.                                             ORDER

                                                  DONALD L. GARBRECHT
TOWN OF SEBAGO, et al.,                           LAW LIBRARY

        Defendants.                               JUL 1 8 2008


Before the court is a renewed appeal from the findings of the Sebago Board of

Appeals on record.

The prior history of this case is set forth in the Law Court's opinion, *Sanborn v.*

*Town of Sebago,* 2007 ME 60, 924 A.2d 1061. After a remand to make further factual

findings, the Sebago Board of Appeals issued further findings on December 6, 2007,

which were filed in this court on December 27, 2007 and appear in the supplemental

record at Supp. R. 30-32.[1]

After the parties filed post-remand briefs, the court issued an order indicating its

inclination to decide this case without oral argument, particularly given the amount of

time that has elapsed in view of the appeal and remand. At that time the court invited

the parties to request oral argument if they wanted. No requests were received.

In its findings upon remand, the Board of Appeals expressly concluded that

defendant Brent Anderson's dwelling meets the 25-foot setback requirement in Part II,

Section 1(D) of the Building Ordinance. The Board concluded that Anderson's deed

was determinative as to whether the 25-foot setback was met, stating that

---

[1] The remainder of the Supplemental Record consists of a more complete version of portions of the original May 31, 2005 hearing. The transcript in the Supplemental Record covers pages 5-29 of the original transcript with fewer inaudible portions.

[r]egardless where the road lays now, the 25-foot setback requirement in the ordinance is met in reference to the edge of the road as described in Mr. Anderson's deed. Specifically, the Board believes this deed is the controlling document because the edge of the road right of way can be determined by measuring to it from "the boulder marked 'M'," the location of which is undisputed.

Supp. R. 32.

As the court sees it, the dispositive issue is whether the Board correctly interpreted the Building Code in measuring the setback by the relevant legal descriptions as opposed to the actual road surface. This question is an issue of law to be decided *de novo* by the court. *Isis Development LLC v. Town of Wells*, 2003 ME 149 ¶ 13, 836 A.2d 1285, 1287.[2]

The applicable language in the Building Ordinance is that "[n]o building shall be erected on a lot unless the building shall be set back from the highway right-of-way at least twenty-five feet." Building Ordinance Part II, Section 1(D) (R. 57). In the court's view the reference to "highway right-of-way" was correctly interpreted by the Board to refer to the applicable legal description as opposed to the existing roadway. The term right-of-way denotes a theoretical legal boundary rather than a physical feature. If the authors of the ordinance had wanted to measure a setback from a physical feature, they could have used terms like "existing public way," "traveled way," or "existing roadway."[3]

---

[2] The Sanborns have not argued that if the setback is measured by the legal description in Anderson's deed, the setback requirement is not met.

[3] In the vast majority of cases, of course, there will be no appreciable difference between the legal right-of-way and the actual situation on the ground. In cases where there is a difference, the actual roadway will sometimes be nearer to a homebuilder's property than it should be under the legal description and sometimes further away. In cases where an actual roadway encroaches onto a landowner's property, using the actual roadway as determinative of the setback would require the landowner to either acquiesce in the encroachment or commence a costly and perhaps protracted proceeding in an attempt to uphold the legal property line. In cases where an actual roadway is further from the landowner's property than it should be

2

Several other points should be made. First, the Sanborns' current argument that the ordinance requires an actual measurement from the existing roadway (thereafter presumably adjusting the measurement to encompass not just the roadway itself but the adjacent right-of-way) is inconsistent with their initial argument that Anderson's lot should be measured by its deed description. Second, they argue that if the legal boundary controls, that boundary might nevertheless be governed by the existing roadway because of the doctrine of adverse possession. The Board was entitled to conclude that the record here did not establish the requisites of adverse possession. Moreover, the Sanborns' argument that Anderson was obliged to dispel the possibility of adverse possession would not only require him to prove a negative (in a case where the Town had never asserted a claim of adverse possession) but would also add an unprecedented and unwarranted layer of complexity to the building permit process.

The entry shall be:

The decision of the Sebago Board of Appeals on remand is affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     June _26_, 2008

_____
Thomas D. Warren
Justice, Superior Court

---

under the legal description, using the actual roadway as determinative of the setback would allow the landowner to build closer to his boundary than he was legally entitled.

Date Filed __JUNE 30 2005__  __CUMBERLAND__  Docket No. __AP-05-39__
County

Action __80B APPEAL__

DIANN SANBORN                    INHABITANTS OF THE TOWN OF SEBAGO
MICHAEL SANBORN                  BRENT ANDERSON

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| KENNETH M COLE III ESQ | ~~SCOTT ANDERSON ESQ (ANDERSON)~~ w/d |
| NATALIE L BURNS ESQ | ~~PO BOX 586~~ |
| 10 FREE STREET | ~~PORTLAND MAINE 04112-0586~~ |
| PO BOX 4510 | ~~(207)774-4000~~ |
| PORTLAND MAINE 04112 | AMY K. TCHAO, ESQ.      (TOWN OF SEBAGO) |
| (207)775-7271 | AMANDA A. MEADER, ESQ. |
|  | PO BOX 9781 |

Brent Anderson         PO BOX 9781
32 Weeman Road         PORLTAND, ME 04104-5081
West Baldwin ME 04091  (207)772-1941

Date of
Entry