2001 ME 1

**Eric HERRLE and Diane Herrle**

v.

**TOWN OF WATERBORO and
Douglas C. Foglio Sr.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 2000.
Decided Jan. 4, 2001.

John C. Bannon (orally), Murray Plumb & Murray, Portland, for plaintiff.

Kenneth M. Cole III (orally), Natalie L. Burns, Jensen Baird Gardner & Henry, Portland, for defendant Town of Waterboro.

Michael H. Hill (orally), Thomas G. Leahy, Monaghan, Leahy, Hochadel & Libby, LLP, Portland, for defendant Douglas Foglio.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] The Town of Waterboro and Douglas C. Foglio Sr. appeal from a judgment entered in the Superior Court (York County, *Brennan, J.*) vacating the reconsidered decision of the Waterboro Zoning Board of Appeals (ZBA) and reinstating an earlier decision by the ZBA. In that earlier decision, the ZBA determined that Foglio's gravel pit had lost its grandfathered status through discontinuance and, therefore, required conditional use approval prior to any further operation. Because we conclude that the ZBA's role in the administrative appeal was advisory in nature and not subject to judicial review, we vacate the judgment of the Superior Court and remand with instructions to dismiss the appeal.

## I. BACKGROUND

[¶ 2] Eric and Diane Herrle own property in Waterboro which is located near a gravel pit owned and operated by Douglas C. Foglio Sr. In February 1999, the Herrles requested the Waterboro Code Enforcement Officer (CEO) to initiate enforcement action against Foglio for operating a grav-

el pit in the Agriculture and Residential Zone without first obtaining conditional use approval as required by the Waterboro Zoning Ordinance. Because the CEO had a conflict of interest, he referred the request to the Waterboro Board of Selectmen. The Board of Selectmen declined to take enforcement action against Foglio, concluding that the pit was grandfathered.

[¶ 3] In March 1999, the Herrles filed an administrative appeal of the Board of Selectmen's decision with the Waterboro Zoning Board of Appeals, asserting that the Board of Selectmen had misinterpreted the ordinance and Maine law in determining that the gravel pit was grandfathered. The ZBA considered the Herrles' appeal at a public hearing in May 1999. The ZBA determined that the gravel pit was a nonconforming use which had been discontinued for a period in excess of one year; therefore, it had lost its grandfathered status and could not be operated as a gravel pit without first obtaining conditional use approval. Based on these findings, the ZBA determined that the conclusion of the Board of Selectmen was erroneous.

[¶ 4] At the request of the Board of Selectmen, the ZBA held a rehearing in June 1999. On reconsideration, the ZBA reversed its earlier decision, finding that because the prior owners of the gravel pit had not *intended* to discontinue the use of the gravel pit, it remained grandfathered.

[¶ 5] Pursuant to M.R. Civ. P. 80B, the Herrles appealed. The Superior Court vacated the ZBA's reconsidered decision and reinstated the ZBA's earlier decision. The Court found that the ZBA erred as a matter of law in basing its "discontinuance" determination on the subjective intent of the prior pit owners, rather than the actual use of the property. This appeal followed.

## II. DISCUSSION

 [¶ 6] The Town of Waterboro and Foglio argue that the ZBA lacked jurisdiction to hear an appeal from a decision of the Board of Selectmen concerning an enforcement decision.[1] Although the ZBA had jurisdiction to review the Board of Selectmen's violation determination, the ZBA's role was advisory in nature and not subject to judicial review.

[¶ 7] 30–A M.R.S.A. § 4353 (1996 & Supp.2000) requires any municipality which adopts a zoning ordinance to establish a board of appeals. The board of appeals is governed by 30–A M.R.S.A. § 2691, which provides in part:

Any municipality establishing a board of appeals may give the board the power to hear any appeal by any person, affected directly or indirectly, from any decision, order, regulation or failure to act of any officer, board, agency or other body when an appeal is necessary, proper or required. *No board may assert jurisdiction over any matter unless the municipality has by charter or ordinance specified the precise subject matter that may be appealed to the board* and the official or officials whose action or nonaction may be appealed to the board. Any board of appeals shall hear any appeal submitted to the board in accordance with Title 28–A, section 1054.

30–A M.R.S.A. § 2691(4) (1996) (emphasis added).

[¶ 8] Section 10.01 of the Waterboro Zoning Ordinance establishes a Zoning Board of Appeals "to receive, hear, and decide appeals from interpretations of this ordinance and decisions of the officer, the Planning Board and/or the Selectmen, and all requests for variances...." (citations omitted). Various sections of the ordinance specifically provide that appeals may

---

**1.** We acknowledge that in *Toussaint v. Town of Harpswell,* 698 A.2d 1063 (1997), an appeal from a Superior Court judgment vacating a decision of the Harpswell Zoning Board of Appeals, we vacated the judgment of the Superior Court and remanded for entry of judgment affirming the decision of the ZBA. Neither the authority of the ZBA nor the jurisdiction of the court was challenged in that case.

be made to the ZBA from decisions of the CEO granting or denying building or occupancy permits, decisions of the Planning Board approving or disapproving conditional use applications, and any decisions, final actions or failures to act of the Planning Board. In contrast, the enforcement provisions of the ordinance do not provide for an administrative appeal to the ZBA from a violation determination by the CEO, or in this case, the Board of Selectmen.

[¶ 9] To the extent that Section 13.02 [2] authorizes an appeal to the ZBA from a violation determination by the CEO or Board of Selectmen, the ZBA's role in such an appeal is advisory in nature and not subject to judicial review. *Cf. Pepperman v. Town of Rangeley*, 659 A.2d 280 (Me.1995) (holding that the ZBA's role in appeal from CEO's violation determination was advisory in nature and not subject to judicial review when the ordinance only authorized the ZBA to recommend that the CEO reconsider her violation determi-

nation). Although the ZBA's determination in an interpretation appeal under Section 13.02 is "final," as opposed to merely a "recommendation" as in *Pepperman*, and even though the CEO has a duty under the Waterboro Zoning Ordinance to issue a code enforcement order when a violation is found to exist,[3] the Board of Selectmen has discretion in deciding whether to institute an enforcement action if a violator fails to comply with the CEO's order.[4]

[¶ 10] In this case, the Board of Selectmen never reached the enforcement stage because it determined that no violation existed, and the ZBA agreed. The only legal significance of the Superior Court's decision, therefore, was to provide a declaratory judgment on the issue of whether that violation determination was correct. Even if we were to affirm the Superior Court's decision finding error in the ZBA's legal analysis, the Board of Selectmen could still decide in their discretion not to bring an enforcement action against Fog-

2. Section 13.02 of the Waterboro Zoning Ordinance provides in relevant part:

Interpretations of words, phrases, or specific provisions of this ordinance leading to the grant or denial of a necessary permit, the approval of [sic] disapproval of any proposal, or any other action or refusal to act by the Code Enforcement Officer, the Planning Board, or the Selectmen of the town may be appealed to the Zoning Board of Appeals by an aggrieved applicant whose request gave rise to the interpretation in question, by any property owner or resident of the town whose property is within one thousand (1000) feet of the lot line of the applicant's project site, or by any of the elected or appointed municipal officials or employees listed above. The Zoning Board of Appeals [sic] interpretation of any word, phrase, or provision of this ordinance called in question shall be final subject only to judicial review.

3. Section 2.05 of the Waterboro Zoning Ordinance provides in part:

Upon finding a violation of any statute, ordinance, regulation, or condition outlined above, the Code Enforcement Officer *shall* notify the violator of such fact and simultaneously *issue a code enforcement order to* the violator requiring immediate compli-

ance with the particular provisions of law involved. The failure to comply with a code enforcement order will subject the violator to penalties, further orders, and possibly legal action as outlined in Sections 12.02 and 12.03.
(Emphasis added).

4. Section 12.03 of the Waterboro Zoning Ordinance provides:

The Selectmen acting upon the recommendation of the Code Enforcement Officer, Planning Board, or the Zoning Board of Appeals *may* protect the public interest and the reasonable expectations of private landowners by ordering violators to cease and/ [sic] to remove any violating activity, use or structure and, if necessary, they *may* order the restoration of conditions in existence prior to the violation.
If fees or double fees are not paid or if a Code Enforcement Order, or an order of the Selectmen is not complied with, the town *may* bring whatever legal, equitable, or injunctive action is necessary to compel the payment of established fees and to seek the imposition of appropriate fines as well as compliance with its orders. The costs of such proceedings shall also be imposed on the violator.
(Emphasis added).

lio. *See supra* note 3; 30–A M.R.S.A. § 4452(1) (1996) ("A municipal official ... who is designated by ordinance or law with the responsibility to enforce a particular law or ordinance ... *may:* ... [i]ssue a summons to any person who violates a law or ordinance ..." (emphasis added)); *cf. State v. Heald*, 382 A.2d 290, 301 (Me.1978) (stating that "a reasonable prosecutorial discretion in the enforcement of criminal laws is inherent in our criminal justice system ...").

■ [¶ 11] Furthermore, 30–A M.R.S.A. § 4452(4) (1996), dealing with the enforcement of land use laws and ordinances, provides that "[a]ll proceedings arising under locally administered laws and ordinances shall be brought in the name of the municipality." The Herrles, therefore, would not have standing to initiate enforcement proceedings against Foglio even if it was determined that he was in violation of the ordinance. *Cf. City of Houston v. Tri–Lakes Limited*, 681 So.2d 104 (Miss. 1996) (holding that private citizens do not have standing to initiate criminal proceedings for zoning ordinance violations, only local governing authorities and the proper local authorities of any county or municipality may initiate such proceedings).

[¶ 12] Because the ZBA's role in the administrative appeal from the Board of Selectmen's violation determination was purely advisory in nature, the ZBA's denial of the Herrles' appeal should not have been reviewed by the Superior Court. *See Pepperman*, 659 A.2d at 283.

The entry is:

Judgment vacated. Remanded to the Superior Court with direction to dismiss the appeal.

DANA, J., with whom SAUFLEY, J. joins, dissenting.

[¶ 13] I respectfully dissent. Although I agree that the Waterboro Board of Selectmen retains discretion not to bring an enforcement action, I do not agree that a judicial determination as to the meaning of the Waterboro ordinance is therefore advisory and not a judicial function. The Waterboro ZBA exists, *inter alia,* "to receive hear, and decide appeals from interpretations of this ordinance...." WATERBORO ZONING ORDINANCE § 10.01. The Waterboro ordinance expressly provides that the ZBA's "interpretation of any word, phrase, or provision of this ordinance called in question shall be ... subject ... to judicial review." WATERBORO ZONING ORDINANCE § 13.02, *supra* note 1 of the Court's opinion. By contrast, in *Pepperman v. Town of Rangeley*, 659 A.2d 280 (Me.1995), we held that the Rangeley ordinance did not provide for judicial review of a CEO's violation determination. *Id.* at 281–82.

[¶ 14] When a municipality refuses to bring an enforcement action because it believes that its ordinance has not been violated, we permit a neighbor to challenge that legal (as distinguished from discretionary) determination. *See, e.g., Richert v. City of South Portland*, 1999 ME 179, 740 A.2d 1000 (successful appeal from a city's refusal to bring an enforcement action because of the mistaken belief that the ordinance was not being violated); *Toussaint v. Town of Harpswell*, 1997 ME 189, 698 A.2d 1063 (same).

[¶ 15] Courts in other jurisdictions recognize their responsibility in this regard. The Missouri Court of Appeals considered a case in which a neighbor requested the Code Enforcement Officer to issue a stop order to a game hunting facility that was using clay pigeons for target shooting. *Ode v. Bd. of Zoning Adjustment of Platte County*, 796 S.W.2d 81, 82 (Mo.Ct.App. 1990). The CEO denied the request, and the Board of Zoning Adjustment affirmed. The circuit court vacated, holding that the activity violated the special use permit that allowed only live bird hunting at the facility. *Id.* The Missouri Court of Appeals affirmed, concluding that "[t]he Board's failure to require enforcement of the limitations contained within the special use

permit granted [the game hunting facility] a de facto special use permit to establish a shooting range to shoot clay pigeons." *Id.* at 84. Here, it could be argued that the Board of Selectmen granted Foglio a permit to reestablish an abandoned gravel pit.

[¶16] When the ordinance expressly provides that the ZBA's interpretation of the ordinance is subject to judicial review, and the ZBA bases its decision on an interpretation of the ordinance, there is clear precedent for review of that interpretation. The Court should, therefore, review and correct the ZBA's interpretation and then remand for the Board of Selectmen to determine whether to commence an enforcement proceeding based on a legally correct interpretation of the ordinance. *See, e.g., Richert,* 1999 ME 179, ¶ 9, 740 A.2d at 1003. I do not assume, as the Court may, that the Board of Selectmen will not bring an enforcement action when we inform it that the Foglio gravel pit violates the Town's ordinance.

[¶ 17] I would take the appeal and affirm the judgment of the Superior Court.