STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-36
SKS-KEN- 10/19/2004

GABRIEL TREMBLAY AND
KATHERINE TREMBLAY,

Petitioners

v.

STATE OF MAINE, DEPARTMENT
OF CONSERVATION, MAINE LAND
USE REGULATION COMMISSION
and JOHN HOFMANN and
LISE HOFMANN,

Respondents

DECISION ON APPEAL

DEC ⁘ ⁘⁘⁘

This matter comes before the court on appeal from a decision of the Maine Land Use Regulation Commission (LURC or Commission), granting a subdivision permit to John Hofmann. The appeal is made pursuant to M.R. Civ. P. 80C, 5 M.R.S.A. § 11001 and 12 M.R.S.A. § 689. At one time this was a four-count petition, but with the dismissal of the petitioners' independent claims, only the appeal from the agency's final action remains. After fully reviewing the administrative record and considering the arguments of all parties, the decision of LURC is affirmed.

By decision dated May 21, 2003, LURC approved respondent Hofmann's application for a permit to create a six-lot subdivision on two existing parcels abutting Lake Cupsuptic in Adamstown Township, Oxford County. This decision with its incorporated extensive findings of fact was based upon LURC's review of the application, supporting documents, public comments, agency review and staff comments and other materials. A public hearing had been requested, but LURC exercised its discretion not to hold such hearing because "no new issues were likely to

be raised at such a hearing that could not be fully understood and addressed in the normal public comment and review process." The court concludes that this was not an abuse of the Commission's discretion.

The petitioners argue on appeal that LURC erred in finding that the proposed subdivision complied with certain review standards, which will be discussed later. However, the petitioners' primary argument on appeal has to do with the history of the parcels in question and their status under the subdivision law at the time respondent Hofmann made the present application. Specifically, petitioners assert that Hofmann has previously engaged in a pattern of illicit conduct designed to evade mandatory subdivision review and approval by LURC, thereby tainting the permit issuance presently before the court. The Commission was aware of this issue and discussed it in the decision.

## Background

In February of 1987, Hofmann purchased an 82-acre parcel of land (parcel B) located within a larger area known as the Pleasant Island Peninsula. In January of 1988, Hofmann applied to LURC for a zoning change and subdivision approval so that he could move forward with a proposed 20-lot residential subdivision on this parcel. LURC denied the application in a ruling dated January 19, 1989. In June of 1989, Hofmann divided parcel B into six separate lots, retaining one lot for himself and deeding one each of the remaining five to his wife, his three sons, and a wholly-owned corporation.

In March of 1994, Hofmann purchased a third parcel on the Peninsula consisting of 83 acres immediately to the north of parcel B. In September of 1997, Hofmann carved out a 35-acre section of the new parcel and deeded to it his wife. Thereafter, Mrs. Hofmann sought an advisory ruling from LURC regarding plans to develop this and

another nearby parcel. The Commission decision, dated June 2002, stated that Mrs. Hofmann could legally subdivide the two noncontiguous lots, both of which were previously deeded to her by her husband, without LURC subdivision review and approval. The ruling further stated that Mrs. Hofmann could then retransfer one of the resulting lots back to her husband. Mrs. Hofmann made this transfer, which property when combined with the original parcel B constitutes the two parcels which are the subject of the decision under appeal.

## Discussion

The standard of review on a rule 80C appeal is direct review of the agency's decision for abuse of discretion, errors of law or findings not supported by the evidence. *Centamore v. Dep't of Human Services,* 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Bd. Of Examiners of Psychologists,* 2000 ME 206, ¶ 9, 762 A.2d 551, 555. The focus on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. Unless specifically provided by statute, the court's review is limited to the agency decision and is not a de novo review of the record.

## Standing

Keeping these principles in mind, the court will first examine Hofmann's contention that the petitioners lack standing to bring this appeal. This argument is a reiteration of the argument presented in the respondent's previous motion to dismiss count II. On this earlier motion, the court held that the petitioners' count II seeking declaratory judgment as to the previous illegality of the subdivision of certain lots which became part of was an impermissible private cause of action in the nature of an

enforcement claim. However, the present situation is different. While private parties have no standing to initiate enforcement proceedings for land use violations and the court has no power to override a town or agency's exercise of its prosecutorial discretion (*Herrle v. Town of Waterboro*, 2001 ME 1, 763 A.2d 1159) that is not the procedural status of this case. Here, Tremblay is not attempting to initiate consideration of a potential land use violation. Rather, it is the alleged potential violator – Hofmann – who has started the legal mill in motion through his subdivision application. The petitioners are not attempting to initiate an enforcement action in count I of their petition, but are arguing that LURC should consider this issue as a matter of law as part of its review of the application. The petitioners have standing to make this argument in the present context even though they can not bring a private enforcement action under Rule 80K or as an independent action.

### Prior Transfers

The petitioners' primary argument on appeal is that the Commission erred in failing to properly conclude that Hofmann's transfers of property in the time period 1989-2002 constituted an illegal subdivision, and that this legal status alone prevents approval of the current application as a matter of law. LURC was aware of this argument and addressed it in the decision as follows:

> The Commission makes note of the arguments of opponents to this project to the effect that some of the applicant's prior land transactions in this area may have occurred in violation of the intent, if not the letter of applicable subdivision requirements. On this issue, the Commission recognizes what is an ambiguous factual and legal history. However, what is clear is that this agency has been aware of this history for more than ten years and has never taken a position that these prior transactions required a subdivision permit. To the contrary, this agency has taken actions in the past that implicitly acknowledge that it views these transactions as not creating a subdivision. It is also clear that an appropriate remedy for an unapproved subdivision, if any existed with regard to the property in question, would be for the owner to seek subdivision review and approval, and that is exactly what the applicant has done here.

Thus, the Commission did not explicitly determine whether or not the previous transactions violated applicable subdivision requirements, but found instead that over a long period of time the transfers had been informally considered as meeting the requirements. It is also implied that the Commission will consider what might be called an administrative principle of repose – though not exactly a statute of limitations – in considering how much weight to give the possibility of previous illegalities.

By contrast, the petitioners take a black and white view of the law, based on their interpretation of 12 M.R.S.A. § 685-B(1)(B), which states,

> No person may commence Development of or construction on any lot, parcel or dwelling unit within any subdivision or sell or offer for sale any interest in any lot, parcel or dwelling unit within any subdivision without a permit issued by the commission.

The petitioners argue that the intra-family transfers which created the parcel in question should have been considered as creating a subdivision subject to the permitting process. Since such permission was never obtained, the petitioners assert that Hofmann must now obtain such permit, albeit after the fact, for its creation or else he is statutorily barred from further developing this lot. In other words, according to the petitioners, if a developer ever mistakenly begins a development without the necessary permit, that violation creates a condition or disability which presumably would run with the land to prevent any future development no matter how far in the future, unless the future developer corrects all previous errors by retroactive applications. Thus the petitioners' gloss stretches this unambiguous statutory prohibition far beyond its simple meaning and creates a procedural requirement far beyond any legislative intent. This is not to say that the Commission can never consider and applicant's past violations as part of the permitting process, but such violations, if proved, do not require an automatic

rejection of a later application as a matter of law. Violations can be considered and permit applications like the present one provide the vehicle for such examination.

In summary, the court finds that the petitioners' statutory construction is too broad and does not correctly state the law. The Commission committed no error of law or abuse of discretion in its determination that the history of property transfers would not prevent approval of the present request for a subdivision permit.

## LURC Review Standards

Finally, the petitioners assert that even if the Commission was correct in approving the subdivision permit without extended consideration of the legality of the intra-family transfers, the subdivision proposal still failed to satisfy LURC review standards. First, they challenge the shorefront requirements. This argument fails to consider the fact that shore frontage requirements are reduced under the clustering standards applicable to the proposal. There was no error. Next, the petitioners question whether the open space lot set forth in the proposal is composed of "developable shorefront." However, there is evidence of record consisting of LURC's own soil survey which counters this argument. Petitioners also raise concerns about the access roads and traffic on the Peninsula. After its site visit, the LURC staff noted "adequate provision" in these areas. Thus, there was sufficient evidence of record upon which LURC could make all of the findings it made on these points. Based on the foregoing, the court finds no abuse of discretion, errors of law or findings not supported by the evidence. LURC was operating within its authority and discretion in determining that whatever the history of the earlier transactions, it would not prevent approval of the present application. Furthermore, its finding that the application met the agency's standards of review is supported by substantial evidence in the record.

The entry will be:

Decision of LURC AFFIRMED; appeal DENIED.  REMANDED to LURC.

Dated:  October 19, 2004

S. Kirk Studstrup
Justice, Superior Court

Date Filed __6/23/03__ __Kennebec__ Docket No. __AP03-36__
County

Action __Petition for Review__
80C

**J. STUDSTRUP**

Jeffrey R. Pidot, Esq. (Dept. of Conse
Lucinda E. White, AAG

__Gabriel V. & Katherine Tremblay__ vs. __Department of Conservation, Maine Land Us__

Plaintiff's Attorney

John C. Bannon, Esq.
75 Pearl Street
PO Box 9785
Portland, Maine 04104-5085

Defendant's Attorney
Regulation Commission, et al

- Virginia E. Davis, Esq. (Hofmanns)
45 Memorial Circle
P.O. Box 1058
Augusta, Maine 04332-1058

-Roy Pierce, Esq.
PO Box 1058
Augusta Maine 04332

| Date of Entry | |
|---|---|
| 6/23/03 | Petition for Review of Final Agency Action with Independent Claims for Relief, filed. s/Bannon, Esq. |
| 6/30/03 | Petitioners' Motion to Specify the Course of the Proceedings, with Integrated Memorandum of Law, filed. s/Bannon, Esq. Proposed Order, filed. |
| 7/3/03 | Amended Petition for Review of Final Agency Action, with Independent Claim for Relief, filed. s/Bannon, Esq. Petitioners' Amended Motion to Specify the Course of the Proceedings, with Integrated Memorandum of Law, filed. s/Bannon, Esq. Proposed Order, filed. |
| 7/3/03 | Acceptance of Service signed 7/1/03 by Virginia Davis, Esq. on behalf of Respondents John and Lise Hofmann, filed. |
| 7/9/03 | Appearance/Statement of Position and Answer to Independeant Claims of Relief, filed. s/ Davis, Esq. |
| 7/14/03 | Answer of the Hofmann Respondents to Petitioners' Amended Petition for Review of Final Agency Action, with Independent Claims for Relief, filed. s/Pierce, Esq. |
| 7/15/03 | Motion to Amend Petition, with Integrated Memorandum of Law with attached exhibits and Proposed Order, filed. (filed 7/14/03) |
| 7/16/03 | Acceptance of Service, filed. s/Pidot, Esq. |
| 7/21/03 | Answer of Respondent Maine Land Use Regulation Commission, filed. s/Pidot, Esq. |
| 7/22/03 | Hofmann Respondents' Memorandum in Opposition to Petitioners' Amended Motion to Specify the Course of Proceedings, filed. s/Pierce, Esq. |
| 7/23/03 | ORDER ON PETITIONERS' MOTION TO AMEND PETITION, STUDSTRUP, J. Copies mailed to attys of record. |
| 7/28/03 | Respondent Maine Land Use Regulation Commission's Memorandum in Opposition to Petitioners' Amended Motion to Specify Course of Proceedings, filed. s/J. Pidot, Esq. |