STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CIVIL ACTION
                                        DOCKET NO. AP-06-19
                                        DHM -KEN- 10/6/2006

DOUGLAS H. WATTS,

            Petitioner          **DONALD L. GARBRECHT**
                                  **LAW LIBRARY**
    v.                                              DECISION AND ORDER
                                    JAN 19 2007
MAINE BOARD OF
ENVIRONMENTAL PROTECTION,

            Respondent

        This matter came before the court on Respondent Maine Board of Environmental

Protection's Motion to Dismiss. For the following reasons, the court GRANTS the

motion.

        On November 10, 2005, Douglas Watts ("Watts") filed a petition with the Maine

Board of Environmental Protection ("Board"), pursuant to 38 M.R.S.A. § 341-D(3) and

Me. Dep't of Envtl. Prot., 06-096 CMR Chapter 2 § 27(A), requesting that the Board

schedule a public hearing to consider evidence in support of modifications to water

quality certifications issued by the Board to a number of hydroelectric dams on the

Androscoggin and Little Androscoggin Rivers. The Board's rules provide that "[a]ny

person, including the Commissioner, may petition the Board to revoke, modify or

suspend a license." Me. Dep't of Envtl. Prot., 06-096 CMR Chapter 2 § 27 (emphasis

added). Following receipt of such a petition, the Board's rules state "no later than 30

days following the filing of a petition . . . and after notice and opportunity for the

petitioner and the licensee to be heard, the Board shall dismiss the petition or schedule

a hearing on the petition." Id.

On February 2, 2006, the Board provided an opportunity to be heard on the petition to Watts,[1] owners of the dams, and staff from the Department of Environmental Protection ("Department").[2] Department staff also submitted a draft decision recommending that the petitions be dismissed. After hearing the comments on the petition, the Board voted to dismiss the petition. On February 21, 2006, Watts filed a petition with the superior court pursuant to M. R. Civ. P. 80C, seeking judicial review of the Board's decision to dismiss his petition. The Board filed a motion to dismiss[3] on March 24, 2006, and Watts timely responded on April 14, 2006.

The Board presents three arguments in support of its motion: (1) the court lacks jurisdiction because there is no statutory right to appeal its decision not to schedule a public hearing; (2) allowing an appeal of this decision would violate the Separation of Powers clause of the Maine Constitution; and (3) Watts has not demonstrated sufficient standing to appeal the Board's decision. Because the court agrees that it lacks jurisdiction to hear Watts' petition, it need not answer the Board's remaining arguments.

The power of the court to review administrative action is statutorily prescribed. Sears, Roebuck and Co. v. City of Portland, 144 Me. 250, 255, 68 A.2d 12, 14 (1949). Absent statutory authority, courts should dismiss appeals seeking review of discretionary executive action. Herrle v. Town of Waterboro, 2001 ME 1, ¶¶ 9-10, 763 A.2d 1159, 1161-1162. In Herrle, the Law Court analyzed the enforcement authority of the Waterboro Board of Selectmen and found that "[e]ven if we were to affirm the

---

[1] Friends of Merrymeeting Bay filed a similar petition to the Board and was also heard at the meeting.
[2] Department staff also acts as staff to the Board.
[3] A number of hydroelectric dam parties-in-interest also filed memoranda in support of the Board's motion.

Superior Court's decision finding error in the [Zoning Board of Appeal's] legal analysis, the Board of Selectmen could still decide in their discretion not to bring an enforcement action."[4] Herrle, 2001 ME at ¶ 10.

The Board in this instance has similar discretionary enforcement authority, evidenced by the language granting it power to modify, revoke or suspend a license: "the board *may* modify in whole or in part any license, or *may* issue an order prescribing necessary corrective action, or *may* act in accordance with the Maine Administrative Procedure Act to revoke or suspend a license." 38 M.R.S.A. § 341-D (3) (2001) (emphasis added). Furthermore, the Board persuasively argues that its discretionary authority can be seen in how it is authorized to review petitions. The Board argues that its preliminary review of petitions amounts to a screening function, analogous to the discretion granted to prosecutors on whether or not to pursue civil or criminal charges. This function exists so that the Board (as does a prosecutor) can weigh the evidence in favor of proceeding further against the costs of proceeding and likelihood of petitioner's success in the complained of matter.

Under the Department's rules, the Board acts as a gatekeeper to ensure that thoroughly investigated final licenses are only disturbed under certain circumstances. Watts' petition concerned the Board's alleged non-enforcement of Maine's water classification and anti-degradation law, 38 M.R.S.A. § 464. However, after hearing evidence on the petition, the Board declined to take further steps to pursue the petitioner's allegations. In its Findings of Fact, the Board noted that the petitioners

---

[4] The zoning ordinance provided that "The Selectmen acting upon the recommendation of the Code Enforcement Officer, Planning Board, or the Zoning Board of Appeals *may* protect the public interest and the reasonable expectations of private landowners by ordering violators to cease and/[sic] to remove any violating activity, use or structure and, if necessary, they *may* bring whatever legal, equitable, or injunctive action is necessary." Herrle, 2001 ME at fn. 4.

(including Watts) had failed to present sufficient evidence, which if proven at a hearing, would support a finding in their favor. This decision was prosecutorial in nature and a legitimate exercise of the Board's enforcement discretion.[5] Herrle, 2001 ME at ¶10.

Other language in the Department's rules also demonstrates the discretionary authority of the Board. For example, upon receipt of a petition to modify, revoke or suspend a license, the Board "*shall dismiss the petition* or schedule a hearing on the petition" Me. Dep't of Envtl. Prot., 06-096 CMR Chapter 2 § 27 (emphasis added). Because *any* person can petition the Board for a hearing, a hurdle was constructed to allow the Board to manage what could be numerous petitions for a public hearing. Thus, the Board screens and evaluates petitions by allowing petitioners and interested parties to appear before the Board to present evidence on whether a sufficient factual basis exists to warrant a more comprehensive public hearing on modifying, revoking or suspending a license. The court reads the construction of the rule placing "shall dismiss the petition," before "or schedule a hearing," as an acknowledgment that while the Board is charged with evaluating the merits of each petition, it will necessarily deny most petitions, reserving public hearings for only those select petitions which raise enough evidence as to call into question the reasoning for granting the license.

Watts' argument that the Board's Findings of Fact and Order, on its face, meets the plain language of the statute allowing the Superior Court to review "*any* order or decision" by the Board, is viscerally compelling, but nonetheless, legally insufficient. Watts argues that the Superior Court has jurisdiction under 38 M.R.S.A. § 346 to hear appeals by "any person aggrieved by any order or decision of the board or

---

[5] The Law Court in Herrle, as does the Board, cited this discretionary enforcement authority as analogous to the discretion enjoyed by prosecutors in enforcing criminal laws.

4

commissioner" and that the 30 page document dismissing his appeal fits the plain language of the statute. However, Watts fails to recognize that the next sentence of the statute incorporates 5 M.R.S.A. § 11001 as the standard for evaluating whether the Superior Court has jurisdiction.[6] Title 5, section 11001(1) states "any person who is aggrieved by *final agency action* shall be entitled to judicial review thereof in the Superior Court . . . . Preliminary, procedural, intermediate or other nonfinal agency action shall be independently reviewable *only if review of the final agency action would not provide an adequate remedy.*" (emphasis added). Therefore, as a threshold matter, in order for the Superior Court to have jurisdiction to review the Board's action, Watts must show that the Board's action was either final agency action or, in the alternative, that final agency action would not provide him an adequate remedy.

Watts tries to make much of the fact that the title of the document dismissing his request for a public hearing contained the phrases "Board Order" and "FINDINGS OF FACT AND ORDER." As noted above, Watts must demonstrate that, even so titled, this document is final agency action. However, an evaluation of this document reveals that it is procedural in nature and not substantive final agency action. First, the Board notes that this document was prepared by Department staff to assist it in determining whether the petitioners evidence is sufficient to warrant a public hearing and that the staff typically provides its recommendations in the format of a draft order. In addition, a large portion of the document merely recounts information concerning the licensing process for each hydroelectric project, lays out the applicable standards the Board uses to review petitions, and presents the arguments and responses of the interested parties. While the Board did dismiss Watts' petition, this discretionary action, even if contained

---

[6] "These appeals to the Superior Court shall be taken in accordance with Title 5, chapter 375, subchapter VII [5 M.R.S.A. § 11001]."

in a document titled "Board Order," cannot be seen as *final* agency action since the agency did not pursue action on the allegations because of an insufficiency of evidence.

As discussed earlier, courts are not in the business of reviewing discretionary enforcement action by administrative agencies absent specific statutory authority. Interpreting this document as final agency action would be rewarding form over substance. The Board should not be penalized for including in its dismissal the work of Department staff in order to comprehensively address the complex issues presented in the petition. The fact that the Board released a discretionary decision that incorporated much of the department staff's draft order does not change the underlying nature of the dismissal.[7]

Finally, Watts has also failed to show that final agency action would not provide him an adequate remedy. In this case, the decision by the Board not to proceed with a public hearing because of a lack of sufficient evidence does not prevent Watts from petitioning the Board at a later date with more evidence. Watts has not been foreclosed by any agency action from pursuing the same claim at a later time. As noted in the decision, "the Board finds that there is an insufficient basis *upon which to proceed* to hearings on the petitions before it."[8] Resp. M. Dismiss, Ex. A, p. 24 (emphasis added). In this instance, the court does not have jurisdiction to review a wholly discretionary screening decision entrusted to the Board.

---

[7] One could understand the citizenry's outrage if public agencies were to summarily dismiss petitions before it *without* explanation. In this instance, Watts received a comprehensive explanation for the dismissal of his petition. Comprehensive treatment does not transform the dismissal of a petition into anything more than what it is.

[8] This also provides more evidence that the nature of the board's decision was procedural and not substantive.

6

While Watts devotes considerable energy to passionately arguing that the Board's Finding of Facts is deficient, nevertheless, the court is without power to review what is statutorily a discretionary decision entrusted to the Board

The entry will be:

The Maine Board of Environmental Protection's Motion to Dismiss is GRANTED.

DATED: December _6_, 2006

_____
Donald H. Marden, Justice

Date Filed __02-21-06__      __KENNEBEC__      Docket No. __AP-06-19__

County

**J. MARDEN**

Action ___Petition for Review___
80C

Sean Mahoney, Esq. (International
One Portland Square    Paper)
PO Box 586
Portland, Maine   04112-0586

-Laura A. Shadle, Esq. **(MHG)**
184 Main Street
P.O. Box 3070 Lewiston, Maine   04243-3070

**DOUGLAS WATTS**
**PO BOX 2473**
**AUGUSTA, ME   04338**

Carol Blasi,

6 State House Sta
Augusta Maine
vs.

**MAINE BOARD OF ENVIRONMENTAL PROTECTION**
**17 STATE HOUSE STATION**
**AUGUSTA, ME   04333**

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
|  | Jeffrey A. Thaler, Esq. (Topsham Hydro) |
|  | 100 Middle Street |
|  | PO Box 9729 |
|  | Portland, Maine   04104-5029 |
|  | Matthew D. Manahan, Esq.   (FPL,Hackett Mil |
|  | One Monument Square      Ridgewood) |
|  | Portland, Maine   04101 |
|  | GEORGE ISAACSON (FOR MHG) |
|  | **DAVID SWETNAM-BURLAND (FOR MHG)** |
|  | **PO BOX 3070   LEWISTON, ME   04243-3070** |

| Date of Entry | |
|---|---|
| 02-22-06 | Received and filed by Claimant on 02-21-06 a Petition For Review of a Final Agency Action for appeal with filing fee of $120.00. |
| 3/7/06 | Letter entering appearance, filed. s/Thaler, Esq. |
| 3/9/06 | Written Appearance of FPL Energy Maine Hydro LLC, Hackett Mills Hydro Associates, and Ridgewood Maine Hydro Partners, L.P., filed. s/Manahan, Esq. |
| 03-10-06 | Received and filed a written appearance by George Isaacson and David Swetnam-Burland of Brann & Isaacson on behalf of Miller Hydro Group("MHG"). |
| 3/13/06 | Written Appearance of International Paper, filed. s/Mahoney, Esq. |
| 3/24/06 | Respondent Maine Board of Environmental Protection's Motion to Extend Time to File Agency Record and Incorporated Memorandum of Law, filed. s/Blasi, AAG |
|  | Notice of Hearing on Maine Board of Environmental Protection's Motion to Extend Time to File Agency Record, filed. s/Blasi, AAG |
|  | Proposed orderExtending the Time for Filing the Agency Record, filed. |
| ------- | Respondent Maine Board of Environmental Protection's Motion to Dismiss rule 80C Appeal and Incorporated Memorandum of Law, filed. s/Blasi, AAG |
|  | Notice of Hearing on Respondent Maine Board of Environmental Protection's Motion to Dismiss Appeal, filed. s/Blasi, AAG |
|  | Proposed Order Dismissing Appeal, filed. |
| 04-04-06 | Received and filed 04-03-06 by Matthew Manahan on behalf of Parties-in-Intere: FPL ENergy Maine Hydro LLc, Hackett Mills Hydro Associates, and Ridgewood Miane Hydro Partners, L.P, Incorporated Memorandum of Law, Notice of Hearing and Proposed Order. |
| 04-04-06 | Received and filed by Attorney Sean Mahoney on behalf of Party-in-Interest, International Paper's Motion to Dismiss. |
|  | Received and filed by Attorney David Swetnam-Burland on behalf of Party-in-Interest Miller Hydro Group (MHG) with incorporated memorandum of law and Notice of Hearing and a Proposed Order of Dismissal. |
| 4/3/06 | Exhibits A and B to Respondent Maine Board of Environmental Protection's Motion to Dismiss, filed. s/Blasi, AAG |