STATE OF MAINE
Cu...                                    ...ffice

JUN 21 2010

RECEIVED

Bisbing v. Town of Cumberland, AP-10-8 (Superior Ct. Cumberland)

Before the court is plaintiffs' appeal from a decision of the Cumberland Board of Appeals.

In January 2009 plaintiff Susan Bisbing complained to the Town that a neighboring couple, Daniel and Victoria Brouder, were not operating their home business in compliance with the Town's prior conditional approval of the Brouders' home occupation under the Cumberland zoning ordinance. On August 25, 2009 the Town's code enforcement officer issued a written decision finding no violations or noncompliance with the Town's prior conditional approval: "The existing use appears to be consistent with the approval and meets all the 'Special Exception' criteria." R.3.

The code enforcement officer's decision stated that Ms. Bisbing had the right to appeal the decision under section 603.4 of the ordinance. Id.

Ms. Bisbing and her husband then appealed the decision to the Cumberland Board of Appeals. In January 2010 the Board dismissed their appeal on the ground that a decision not to enforce the ordinance was not an appealable decision within the meaning of sections 603.2.1 and 603.4 of the ordinance (R. 44, 49).

After the Board declined to reconsider a request by the Bisbings to reconsider its dismissal of their appeal, the Bisbings appealed the Board's decision to this court pursuant to M.R.Civ.P. 80B.

This case therefore turns on a relatively narrow legal issue – whether a decision by the code enforcement officer that no violation has occurred is an appealable decision under the Cumberland ordinance. The backdrop of this case consists of several Law Court opinions on the appealability of decisions by code enforcement officers finding violations or determining that no violations existed. One of those opinions held that a decision by the Rangeley Board of Appeals upholding the finding of a violation by the code enforcement officer was an advisory decision that was not subject to judicial review. Pepperman v. Town of Rangeley, 659 A.2d 280, 282-83 (Me. 1995). Another decision held that a decision by the Waterboro Board of Appeals that a gravel pit retained its grandfathered status was also advisory and not subject to appeal. Herrle v. Town of Waterboro, 2001 ME 1 ¶9, 763 A.2d 1159, 1161.

In this case the Bisbings argue that under the Cumberland ordinance, they had a right to appeal the code enforcement officer's decision finding no violation to the Board of Appeals. They also argue that the prior decisions of the Law Court were in the context of ordinances where the towns had discretion to decide whether or not to bring enforcement actions, see Herrle, 2001 ME 1 ¶9, 763 A.2d at 1161, and they contend that no such discretion exists under the Cumberland ordinance.

The court disagrees with the latter contention. The Cumberland ordinance provides in section 607.2 (R. 51) that the code enforcement officer shall issue a warning in the event that a violation is found and that if the warning does not result in correction or abatement,

> [t]he Town Council, upon notice from the Code Enforcement
> Officer, shall institute or cause to be instituted in the name of
> the Town, any and all actions legal and equitable, that shall
> be appropriate or necessary for the enforcement of the
> provisions of this Ordinance.

(emphasis added). This provision necessarily gives the town discretion to determine what enforcement actions are "necessary or appropriate." A contrary interpretation would deprive the Town of its inherent prosecutorial discretion. See Herrle, 2001 ME 1 ¶10, 763 A.2d at 1161-62.

However, just because the Town would have the discretion to decide whether to bring an enforcement action if a violation were found does not mean that the Bisbings are not entitled to appeal the code enforcement officer's decision in this case to the Cumberland Board of Appeals. On this issue Peterman and Herrle do not necessarily support the Town's position because both of those cases involved situations where a municipal appeal had already been taken and the issue was whether a further appeal could be taken to the Superior Court.

Whether the Bisbings can appeal depends on whether the Board correctly concluded that an appealable "decision" within the meaning of sections 603.2.1 and 603.4 of the ordinance does not include "a non-enforcement decision" by a code enforcement officer. See R.31. On an 80B appeal, interpretation of a local ordinance is a question of law that is subject to *de novo* review. Isis Development LLC v. Town of Wells, 2003 ME 149 ¶ 3, 836 A.2d 1285, 1287. In the court's view, the Cumberland ordinance makes all decisions of the code enforcement officer appealable and does not draw a distinction between enforcement decisions (or non-enforcement decisions) and other decisions. Thus, even though future Board action on the Bisbings' appeal may be advisory in nature and may not be subject to further judicial review, see Herrle, 2001 ME 1 ¶6, 763 A.2d at 1160,[1] the Bisbings have the right to take an appeal as stated in the code enforcement officer's decision.

The Town could amend its ordinance to provide that a decision by a code enforcement officer not to take action on a neighbor's complaint is not appealable. See, e.g., Brunswick ordinance quoted in Adams v. Town of Brunswick, 2010 ME 7 ¶7, 987 A.2d 502, 506. However, absent such language or any other language limiting the kind of decisions that are appealable, the code enforcement officer's August 25, 2009 decision in this case was an appealable decision under section 603.4.

The entry shall be:

The January 14, 2010 decision of the Cumberland Board of Appeals dismissing plaintiff's appeal is reversed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[1] Notably, the Law Court found that the ZBA's decision in Herrle was advisory in nature even though the Waterboro zoning ordinance did not contain any language to that effect. See 2001 ME 1 ¶9, 763 A.2d at 1161 (comparing language in Waterboro ordinance to the "recommendation" language at issue in Peterman).

Dated: June  21 , 2010

Thomas D. Warren
Justice, Superior Court

Date Filed __02-12-10__  __CUMBERLAND__  Docket No. ___AP-10-08___ ●

County

Action ___80B Appeal___

SPENCE BISBING                          TOWN OF CUMBERLAND
SUSAN BISBING

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DAVID M. HIRSHON, ESQ. <br> MARSHALL J. TINKLE, ESQ. <br> THMPKINS, CLOUGH, HIRSHON & LANGER, P.A. <br> THREE CANAL PLAZA, PO BOX 15060 <br> PORTLAND, ME 04112 | KENNETH COLE ESQ <br> NATALIE BURNS ESQ |

| Date of Entry | |
|---|---|
| 2010 <br> Feb. 18 | Received February 12, 2010. <br> Complaint Pursuant to M.R. Civ.P. 80B filed. |
| Feb 18 | Received February 17, 2010. <br> Entry of Appearance of Kenneth M. Cole III, Esq. and Natalie L. Burns, Esq. obo Town of Cumberland filed. |
| Feb. 19 | Received 2-19-10. <br> Waiver and acceptance of service filed showing service on Town of Cumberland to Kenneth Cole, Esq. |
| Mar. 19 | Received 3-19-10. <br> Plaintiff's brief and record filed. |
| Apr 15 | Received 4/15/10 <br> Defendant's Rule 80B Brief filed. |
| Apr 23 | Received 4/23/10 <br> Plaintiff's 80B reply brief filed. |
| Apr 27 | Rec. 4/27/10 <br> Justice T.D. Warren <br> On April 26, 2010 the court received from the clerk's office and took under advisement the appeal in the above-captioned case. If the court determines that oral argument is appropriate, counsel will be advised as to the date and time. <br> Under advisement order issued. <br> Copies mailed to all parties 4/30/10 |
| June 15 | On 6/11/10. <br> Telephonic Conference held. <br> Warren, J. Presiding, no recording, Marshall Tinkle, Esq for Plaintiff and Natalie Burns Esq. for Defendant. |
| " " | Order on Telephonic conference entered. Copies to parties/counsel 6/15/10. |