STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss                                             CIVIL ACTION
                                                   DOCKET NO. AP-14-56

STATE OF MAINE
Cumberland ss Clerk's Office

AUG 1 2 2015

RECEIVED

MAINERS FOR FAIR BEAR HUNTING,

            Plaintiff

v.                                                                ORDER

MAINE COMMISSION ON GOVERNMENTAL
ETHICS AND ELECTION PRACTICES,

            Defendant


Before the court is a Rule 80C appeal by Mainers for Fair Bear Hunting (MFBH) from a

November 3, 2014 decision by the Commission on Governmental Ethics and Election Practices

that it would not undertake an investigation of an alleged violation of contribution disclosure

laws by the Maine Wildlife Conservation Council (MWCC).

MFBH was the sponsor of a citizen initiative to ban bear baiting, which appeared as

Question 1 on the November 4, 2014 general election ballot. MWCC is an organization that

opposed the citizen initiative and campaigned against it.

On October 30, 2014 (six days before the election) MFBH filed a request for an

investigation by the Commission pursuant to 21-A M.R.S. § 1003(2). Its request involved certain

activities by employees of the Maine Department of Inland Fisheries and Wildlife (IF&W) which

MFBH argued constituted in-kind contributions to MWCC that were required to be disclosed on

MWCC's campaign finance reports.[1] The Commission considered the request for an

---

[1] MFBH had previously brought suit seeking to enjoin IF&W personnel from campaigning against Question 1, but its application for preliminary injunctive relief had been denied by another justice of the Superior Court. *Mainers for Fair Bear Hunting v. Maine Department of IF&W,* CV-14-414 (Superior Court Cumberland, order filed Oct. 22, 2014) (Wheeler, J.) (R. Tab 5A). In its request to the Commission

investigation at a meeting the day before the election and voted 3-1 against undertaking an investigation. R. Tab. 11 at 6-7.

The voters rejected the citizen initiative to ban bear baiting on November 4, 2014. On December 2, 2014 MFBH filed this appeal, seeking to overturn the Commission's decision not to undertake an investigation.[2] The Commission filed the administrative record on January 5, 2015, and the parties thereafter filed their appeal briefs. Although the final brief was filed on April 23, 2015, the justice to whom the appeal was assigned retired effective March 31 and the appeal was not reassigned to the undersigned until June 2, 2015.

The court concludes that a decision of the Commission not to undertake an investigation is a matter of prosecutorial discretion that is not reviewable. *See Herrle v. Town of Waterboro*, 2001 ME 1 ¶ 10-11, 763 A.2d 1159. The applicable statute provides that the Commission "may undertake investigations to determine whether a person has violated [the campaign finance laws]." 21-A M.R.S, § 21003(1) (emphasis added). When a person applies in writing to request an investigation to determine whether the campaign finance laws have been violated, the Commission "shall review the application and shall make the investigation if the reasons stated for the request show sufficient grounds for believing that a violation has occurred." § 1003(2). An investigation is only required to be undertaken if the Commission concludes the request shows sufficient grounds for believing a violation has occurred. Whether the request shows sufficient grounds is left to the Commission's discretion.

---

that is the subject of this appeal MFBH argued that regardless of the legality of the activities of IF&W employees, those activities constituted in kind contributions that MWCC was obliged to disclose.

[2] Although the 2014 election was over before this appeal was filed, the Commission does not argue that this case is moot, and its jurisdiction to investigate and consider alleged violations of the campaign finance laws does not terminate once an election is held.

2

This follows from the Law Court's decision in *Lindemann v. Commission on Governmental Ethics,* 2008 ME 187 ¶ 17, 961 A.2d 538. MFBH points out that *Lindemann* primarily addressed the issue of standing. However, in the course of its standing discussion in *Lindemann* the Law Court stated that parties do not have enforceable rights to require the Commission to undertake investigations:

> [A]n agency charged with enforcing a particular statute or rule has the prerogative of electing not to take action. *See generally, Herrle v. Town of Waterboro,* 2001 ME 1 ¶¶ 10-11, 763 A.2d 1159 (discussing prosecutorial discretion in enforcement actions). These decisions are left to the sole discretion of the agency and are not ordinarily subject to judicial review at the behest of members of the general public. In this matter, if the Commission received Lindemann's request for an investigation and elected not to investigate, the same result would occur – Lindemann lacks standing to seek judicial review. His right, as established in section 1003(2), is to request the Commission to conduct an investigation; the Commission's obligation *vis-à-vis* Lindemann is simply to accept and review his request. A review concluding that no action or investigation will be undertaken creates no right of judicial review in Lindemann or any other member of the general public.

2008 ME 187 ¶ 17.

MFBH argues that this language only applies to members of the general public and that, as the organization who had sponsored the citizen initiative and was MWCC's direct opponent, it has standing even if a member of the general public would not.[3] The problem with this argument, as the court sees it, is that if MFBH is correct, ballot question committees or political candidates could require the Commission to investigate possible violations at their behest and the Commission would be prevented from setting its own enforcement priorities and exercising its discretion as to which potential violations should be pursued.

---

[3] The Commission disagrees with this argument and contends that MFBH does not have standing. In light of its ruling above, the court does not have to reach the issue of standing. Nor does it need to decide whether, assuming MFBH had standing during the heat of the election, its standing is now attenuated because the election was over before it filed its appeal.

3

In the alternative, however, the court would conclude that even the decision of the Commission that MFBH's request did not show sufficient grounds for believing that a violation had occurred is reviewable, the Commission's decision should be affirmed.

MFBH's argument that there had been a violation by MWCC depends on the argument that the time spent by IF&W employees appearing in MWCC campaign videos constituted in kind "contributions." MFBH argues that the time spent by IF&W employees fell within the definition of contribution in 21-A M.R.S. § 1052(3)(A): "a gift, subscription, loan, advance, or deposit of money of anything of value to a political action committee,"[4] and MFBH emphasizes the words "anything of value."

However, the statute separately addresses the in-kind contribution of services in section 1052(3)(D), which defines contributions as

> The payment, by any person or organization, of compensation for the personal services of other persons provided to a [ballot question] committee that is used by the [ballot question] committee to initiate or influence a campaign.

Under the principle that provisions in a statute should not be treated as surplusage if there is a reasonable alternative interpretation, *e.g., Linnehan Leasing v. State Tax Assessor*, 2006 ME 33 ¶ 21, 898 A.2d 408, the court concludes that the definition of contribution that potentially applicable here is section 1052(3)(D). If section 1052(3)(A) were interpreted to apply to in kind contributions of services, there would have been no need for section 1052(3)(D).

Under section 1052(3)(D) the question is whether the Legislature intended a state agency to qualify as "a person or organization" whose payment for services would constitute a contribution. A majority of the Commission members concluded that state agencies do not constitute "persons" or "organizations" under that statute and more broadly that the campaign

---

[4] Pursuant to 21-A M.R.S. § 1056(2) the definitions in § 1052(3) also apply to contributions made to ballot question committees.

4

finance statutes as currently drafted were not intended to address governmental speech. R. Tab 10 at 19-20.[5]

This is consistent with the principle that statutes should not be construed to apply to the state or its agencies unless the Legislature has expressly so provided. *E.g., Department of Corrections v. Public Utilities Commission,* 2009 ME 40 ¶¶ 11-12, 968 A.2d 1047. At a minimum, this was a reasonable interpretation of the Commission's statutory authority, and an agency's interpretation of the statute it administers is entitled to deference and should be upheld unless the statute compels a contrary result. *See Botting v. Department of Behavioral and Developmental Services,* 2003 ME 152 ¶ 21, 838 A.2d 1168; *Maritime Energy v. Fund Insurance Review Board,* 2001 ME 45 ¶ 7, 767 A.2d 812.

The entry shall be:

Petitioner's appeal from the November 3, 2014 decision of the Commission not to undertake the investigation requested is dismissed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August _ll_, 2015

Thomas D. Warren
Justice, Superior Court

---

[5] MFBH points out that one of the Commission members cited to a prior version of the statute during the November 3, 2014 hearing. The record demonstrates, however, that his basic point was that he did not interpret the definition of either a "person" or an "organization" as encompassing the State or its agencies – which would exclude the time spent by state employees from the definition of contribution in 211-A M.R.S. § 1052(3)(D). See R. Tab 10 at 19.

RACHEL WERTHEIMER ESQ
VERRILL & DANA
PO BOX 586
PORTLAND ME 04112-0586




PHYLLIS GARDNER AAG
DEPT OF THE ATTORNEY GENERAL
6 STATION HOUSE STATION
AUGUSTA ME 04333-0006