STATE OF MAINE
LINCOLN, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-17-02

KERRY EMANUEL, et al.
  Plaintiff,

v.

TOWN OF BRISTOL,
  Defendant,

v.

WOTTON'S LOBSTER WHARF, LLC
  Party-In-Interest

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON
DEFENDANT'S AND
PARTY-IN-INTEREST'S
MOTIONS TO DISMISS

This matter is before the Court on the Defendant's and Party-In-Interest's Motions to Dismiss.

I. Background

Plaintiffs challenge a land use determination made by the Defendant Town of Bristol ("the Town") that Party-in-Interest Wotton's Lobster Wharf, LLC's ("Wotton's") use and recent expansion of its operations are not regulated under the Town's Shoreland Zoning Ordinance ("SZO"). (Pls.' Br. 1). Wotton's recently began using a refrigerated trailer to store bait. (Record "R." at 5-6, 13). The unit runs loudly and at unpredictable intervals. (R. at 5-6, 13). Plaintiffs own houses adjacent to and nearby the location of Wotton's and its refrigerated trailer. (R. at 1, 3).

Plaintiffs wrote a letter to Mr. Wotton on September 6, 2016 stating their concerns with the trailer. (R. at 3). Mr. Wotton took no action as a result of this letter. (Pls.' Br. at 3). Plaintiffs then contacted the Town with their objections to the operation of the trailer without review or approval by the Town planning board or code enforcement officer. (R.

1

at 5-7). These discussions culminated in a letter dated December 5, 2016, requesting that the Town require Wotton's to obtain a planning board permit. (R. at 5-7).

On February 22, 2017, the Town issued a response through its Code Enforcement Officer ("CEO") in which the CEO determined the trailer was not a "structure" that required a permit, and therefore there was no SZO violation, and he would not be issuing an order of violation. (R. at 21). Plaintiffs now appeal to the Superior Court pursuant to M.R. Civ. P. 80B. The Town and Wotton's have both filed Motions to Dismiss for lack of jurisdiction over the subject matter pursuant to M.R. Civ. P. 12(b)(1).

II. Discussion

a. Standard of Review

The court reviews a motion to dismiss under M.R. Civ. P. 12(b)(1) without making any inferences in favor of the plaintiff. *Persson v. Dep't of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363. "When a court's jurisdiction is challenged, the plaintiff bears the initial burden of establishing that jurisdiction is proper." *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 8, 861 A.2d 662.

b. Standing

Under 30-A M.R.S. § 4452, titled "Enforcement of Land Use Laws and Ordinances," "all proceedings arising under locally administered laws and ordinances shall be brought in the name of the municipality." 30-A M.R.S. §4452(4). This section of the statute applies to "shoreland zoning ordinances adopted pursuant to Title 38, sections 435 to 447." *Id.* at § 4452(5)(Q). The Town's SZO was prepared in accordance with 38 M.R.S. §§ 435-449, and therefore this statute applies. SZO § 1(2).

Two Law Court cases have discussed 30-A M.R.S. § 4452 in detail: *Herrle v. Town of Waterboro* and *Charlton v. Town of Oxford*. 2001 ME 1, 763 A.2d 1159; 2001 ME 104, 774

2

A.2d 366. Here, as in *Herrle*, Plaintiffs are appealing the Town's decision not to enforce its ordinance against their neighbors. The court in *Herrle*, as an alternate ground to dismiss the case, found that under 30-A M.R.S. § 4452, the plaintiffs, as individuals, "would not have standing to initiate enforcement proceedings against [their neighbor] even if it was determined that he was in violation of the ordinance." *Herrle*, 2001 ME 1, ¶ 11. Additionally, similar to *Charlton*, where the plaintiffs, as private individuals, attempted to bring a private cause of action for statutory public nuisance, Plaintiffs here are also attempting to bring a private action for a land use violation. The court in *Charlton* stated that: "section 4452 gives a municipality, and only a municipality, the authority to enforce land use regulations. Accordingly, only municipalities may bring an action for such regulations." *Charlton*, 2001 ME 104, ¶ 19.

Here, it is the duty of the CEO to enforce the SZO and investigate complaints of alleged violations. SZO § 16(I)(2)(a), (b). If such investigation or other actions by the CEO do not result in "the correction or abatement of the violation," it is the Municipal Officers that hold the authority to institute actions and proceedings, not private persons. SZO § 16(I)(3).

Based upon the plain meaning of 30-A M.R.S. § 4452(4), the decisions of the Law Court in *Herrle* and *Clarlton*, and the language of the SZO, Plaintiffs do not have standing to bring an action against the Town for enforcement of the SZO against Wotton's.

III.     Conclusion

Defendant's and Party-In-Interest's Motions to Dismiss are GRANTED.

DATE: October 2, 2017

_____
Daniel I. Billings
Justice, Maine Superior Court

3